Richard Lynn Dopp    #126054
**Name**
OSP HSE7        P.O. BOX 97

McAlester, OK 74501
**Address**

# FILED

MAY 0 3 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,
   -vs-     Plaintiff,
JUSTIN JONES, JOHNNY BLEVINS,
RANDY KNIGHT, ALECIA MADDOX, KARA
JOHNSON, RANDALL WORKMAN, DAVID
ORMAN, JOHN MARLAR, CHESTER MASON,
GENESE McCOY, DEBBIE MORTON, TERRY
GRENSHAW, LINDA MORGAN, ED EVANS,
RONALD ANDERSON, SCOTT PRUITT, C/O
SGT. NICHOLSON, MARGARET GREEN, C/O
SGT. McMANUS, DR. SOCKEY, BOB COMPTON,
KRISTY WINGO, T. DAVIS, IA HERT,
DAVID MILLER, and RICHARD ROBERTS,
      Defendants.

**CIV-11-1495 D**

**CASE NO.**
**(To be supplied by the Clerk)**

**CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983**

**JURY TRIAL DEMANDED**
**SECOND AMENDED COMPLAINT**

1)   Richard Lynn Dopp_____, is a citizen of __Oklahoma__
       *(Plaintiff)*                   *(State)*
  who presently resides at __OSP HSE7 , P.O. Box 97, McAlester, OK 74501__
                                                  *(Mailing address or place*
_____,
*of confinement)*

2)   **Defendant** __Justin Jones_____ is a citizen of
              *(Name of first defendant)*
  __Oklahoma City, Oklahoma_____, and is employed as
             *(City, State)*
  __Okla. Dept. of Corrections (ODOC) Director__. At the time the claim(s)
           *(Position and title, if any)*
  alleged in this complaint arose, was this defendant acting under color of
  state law?   Yes ☒   No ☐. If your answer is "Yes", briefly explain:

                                   **Defendant Jones was acting un-**
der color of state law and is sued in his individual capacity and for purposes of in-
junction and RLUIPA in his official capacity if applicable. As ODOC Director, Mr.
Jones is vested by state statute with authority and responsibility for the operation
of all ODOC facilities, as head policymaker for prescribing rules[1] pertaining to the
management of said prisons and for the control, care and treatment of all inmates
remanded to the custody of ODOC.

---

1
  Such rules, when reduced to writing, are customarily promulgated in the form of Dept. policy statements,
also issued in the form of operation memoranda have the force and effect of law. Otherwise known as OP's.

XS-2  7/93          **CIVIL RIGHTS COMPLAINT (42 U.S.C. §1983)**

1

3)    Defendant _Johnny Blevins_____ is a citizen of
              *(Name of second defendant)*

_Oklahoma, City, OK_____, and is employed as
          *(City, State)*

_ODOC Internal Affairs (IA) Administrator_. At the time the claim(s)
     *(Position and title, if any)*

alleged in this complaint arose was this defendant acting under color of
state law?  Yes ☒   No ☐   If your answer is "Yes", briefly explain:
_____See page 3 of 3)_____

_____

**(Use the back of this page to furnish the above information for additional
defendants.)** _See pages 3-4_

4)    **Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983.
      (If you wish to assert jurisdiction under different or additional statutes,
      you may list them below.)** _42 U.S.C.A. §1985 (3), §1986 , RLUIPA_

_42 U.S.C.A. § 2000 cc-1, and Supplemental / Pendant Jurisdiction over all_
_State law claims_

## B.  NATURE OF THE CASE

1)    **Briefly state the background of your case.** Pltf was issued a Certificate of
Release from Okla. Dept. Of Corrections (ODOC) and Lawton Correctional Facility
(LCF) on 10/05/2009 thereby authorizing his release/departure from LCF. On that
same date Pltf did not have personal knowledge as to whether his release from
LCF was unlawful or not. Almost exactly thirty (30) days later, on 11/06/09,
ODOC Internal Affairs (IA) officers/agents came to petr's mother's residence and
entered her home w/out her consent and arrested pltf. On that same date pltf did
not have personal knowledge as to whether his release from LCF was unlawful or
not. The media coverage of this mishap brought substantial employment threatening
embarrassment upon ODOC/LCF officials, whereas directly resulted in prison
officials not taking pltf back to LCF (Medium security prison), but instead sent
pltf to Okla. State Penitentiary (OSP), a maximum/supermax security prison). Once
there on 11-10-2009, pltf was immediately told by OSP officer in charge of his
reception "you know LCF f..ked up real bad and DOC is embarrassed by all this,
so they are going to try and hide and punish you as deep within the system as they
can here at OSP," and then pltf was put into a Disciplinary Unit (DU) punishment
cell. Subsequently, pltf was put into Admistrative Segregation (AS) indefinitely.
Pltf alleges various violations of his U.S. and Okla. Constitutional rights
stemming from these conditions of his confinement, especially that he has been
deprived due process before and during/after being re-incarcerated at OSP max/supermax,
DU/AS status, rising to acts of retaliatory punishment, but not limited thereto.
Pltf further alleges his claims arise out of a systematic pattern of events arising
from the same series of transactions or occurrences and share a question of law or
fact common to all defs as to liberty interest standing, thereby triggering due
process protections, and also that of an ongoing conspiracy to violate pltf's
rights, but not limited to.

XE-2  7/93

3) Def Blevins was acting under color of state law and is sued in his individual capacity if applicable. As ODOC IA Administrator, Mr. Blevins is vested by state statute and/or ODOC Director with authority and responsibility of ODOC IA operations and of supervision of his employees under him.

4) Def Randy Knight is a citizen of OK city, OK, and is employed as ODOC IA officer under direction/supervision of Def Blevins. Def Knight was acting under color of state law and is sued in his individual capacity and for purposes of injunction and RLUIPA in his official capacity if applicable.

5) Def Alecia Maddox is a citizen of OK City, OK, and is employed as ODOC IA officer under direction/supervision of Def Blevins. Def Maddox was acting under color of state law and is sued in her individual capacity and for purposes of injunction and RLUIPA in her official capacity if applicable.

6) Def Kara Johnson is a citizen of OK City, OK, and is employed as ODOC IA officer under direction/supervision of Def Blevins. Def Johnson was acting under color of state law and is sued in her individual capacity and for purposes of injunction and RLUIPA in her official capacity if applicable.

7) Def Randall Workman is a citizen of McAlester, OK. and is employed as Okla State Penitentiary (OSP) head facility warden. Def Workman was acting under color of state law and is sued in his individual capacity and for purposes of injunction and RLUIPA in his official capacity if applicable. As OSP Warden, Mr. Workman is vested by state statute with responsibility for performing all duties pertaining to OSP as are fixed by ODOC. The established duties of warden include supervisory responsibility for the government and operations of OSP and OSP employees. Written rules issued pursuant to said warden are promulgated in the form of memoranda, directives, operational policies, etc.

8) Def David Orman is a citizen of McAlester, OK, and is employed as OSP mailroom supervisor. Def Orman was acting under color of state law and is sued in his individual capacity and for purposes of injunction and RLUIPA in his official capacity if applicable.

9) Def John Marlar is citizen of McAlester, Ok, and is employed as OSP physician. Def Marlar was acting under color of state law and is sued in his individual capacity and for purposes of injunction in his official capcity if applicable. Def Marlar's position as OSP physician is also created by the state through ODOC and/or statute and is responsible for OSP inmate healthcare.

10) Def Chester Mason is a citizen of McAlester, OK, and is employed as OSP Chief Health Services Administrator (CHSA). Def Mason was acting under color of state law and sued in his individual capcity and for purposes of injunction in his official capcity if applicable. Def Mason's position as OSP CHSA is also created by the state and ODOC and or statute and is responsible for OSP inmate healthcare and apparently supervisory responsible over OSP physicians, dentists, nurses, etc.

11) Def Genese McCoy is a citizen of OK City, OK, and is employed as ODOC medical services administrator (MSA). Def McCoy was acting under color of state law and is sued in individual capacity and for purposes of injunction in official capcity if applicable. Def McCoy's position as MSA is also created by the state through ODOC and/or statute and is responsibility is supervising all ODOC facilities and their health services and/or providers, including OSP CHSA, physicians, dentists, nurses, etc.

12) Def Debbie Morton is a citizen of OK City, OK, and is employed as ODOC Director's designee otherwise known as ODOC Adminstrative Review Authority (ARA). Def Morton was acting under color of state law and sued in her individual capacity and for purposes of injunction and RLUIPA in her official capacity if applicable. Def Morton's position is also created by the state but through ODOC Director and responsible for supervising or otherwise reviewing all ODOC prisons' Grievance and/or Grievance appeals and has authority vested by said designation to provide relief allowed by ODOC or law.

13) Def Terry Crenshaw is a citizen of McAlester, OK, and is employed as OSP Warden Workman's designee otherwise known as OSP Reviewing Authority. Def Crenshaw was acting under color of state law and sued in his individual capacity and for purposes of injunction and RLUIPA in his official capacity if applicable. Def Crenshaw's position is also created by the state but through OSP warden, and responsible for supervising or otherwise reviewing grievances submitted by OSP inmates and has authority vested by said designation to provide relief allowed by OSP/ODOC or by law.

14) Def Linda Morgan is a citizen of McAlester, OK, and is employed as OSP Deputy Warden. Def Morgan was acting under color of state law and sued in her individual capacity

and for purposes of injunction and RLUIPA in her official capacity if applicable.
Def Morgan's position is created by the state and/or ODOC Director or OSP Warden
and is responsible for OSP employees and personnel complying with OSP/ODOC operating
policies otherwise known as OP's and OSP's.

15) Def Ed Evans is a citizen of Okla City, OK, and is employed as ODOC Deputy Director.
Def Evans was acting under color of state law and sued in his individual capacity, and
purposes of injunction and RLUIPA in his official capacity if applicable. Def Evans
position is created by the state and/or ODOC Director and is responsible for all
prisons' compliance with ODOC operating policies, otherwise known as OP's.

16) Def Ronald Anderson is a citizen of OK City, OK, and is employed as ODOC Asst.
General Counsel. Def Anderson was acting under color of state law and sued in his
individual capacity, and for purposes of injunction in his official capacity if applicable.
Def Anderson's position is created by state law and/or ODOC Director and acts as legal
advisor/counsel for ODOC, but not limited to.

17) Def Scott Pruitt is a citizen of OK City, OK, and is employed as State of Okla
Attorney General. Def Pruitt was acting under color of state law and sued in his individual
capacity and/or official capacity for purposes of the herein claims and/or injunction if
applicable. Def Pruitt's position is created by state statute and is responsible for
representing the state, its entities, subentities, subentities, employees of state, etc.,
but not limited thereto.

18) Def C/O SGT. Nicholson is a citizen of McAlester, OK, and is employed as correction
officer (C/O), apparently a sargeant. Def Nicholson was acting under color of state law
and sued in his individual capacity.

19) Def Margaret Green is a citizen of McAlester, OK, and is employed as procedures
officer. Def Green was acting under color of state law and sued in her individual capacity
and/or official capacity for purposes of injunction if applicable.

20) Def C/O SGT. McManus is a citizen of McAlester, OK, and is employed as correctional
officer (C/O), apparently a sargeant. Def McManus was acting under color of state law and
sued in his individual capacity, and official capacity for purposes of RLUIPA.

21) Def Dr. Sockey is citizen of McAlester, OK, and is employed as OSP Dentist. Sockey
was acting under color of state law and sued in his individual capacity or off'l capacity
for purposes of injunction.

22) Def Bob Compton is a citizen of McAlester, OK, and is employed as Kitchen Supervisor.
Def Compton was acting under color of state law and sued in his individual capacity/official
capacity for purposes of injunction.

23) Def Kristy Wingo is a citizen of McAlester, OK, and is employed as Business manager.
Def Wingo was acting under color of state law and sued in her individual capacity, and/or
in her official capacity for purposes of injunction.

24) Def Tracy Davis is a citizen of McAlester, OK, and was employed as OSP H-Unit manager.
Def Davis was acting under color of state law and sued in his individual capacity.

25) Def IA Hert is a citizen of OK City, OK, and is employed as ODOC IA under direction
and/or supervision of Def Blevins. Def Hert was acting under color of state law and is
sued in his individual capacity and for purpose of injunction in his official capacity.

26) Def David Miller is a citizen of Lawton, OK, and is employed as LCF Head Warden.
Def Miller was acting under color of state law and sued in his individual capacity,
and/or in his official capacity for purposes of injunction.

27) Def Richard Roberts is a citizen of Lawton, OK, and is employed as a Misconduct/
Disciplinary Officer at LCF. Def Roberts was acting under color of state law and sued
in his individual capacity, and/or in his official capacity for purposes of injunction.

## C. CAUSE OF ACTION

1)     I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.)

A) (1)   Count I: <u>oDoc/oSP Defs' Committed acts, inactions, conduct</u>

<u>and omissions against PltF constituting deprivations/violations of U.S.</u>

<u>Constitution's 1st Amendment, but Not limited thereto.</u>

(2) **Supporting Facts:** (Include all facts you consider important, including names of persons involved, places and date. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

<u>(A)</u>. On or about 11-13-09 while in DU (Disciplinary Unit) cell, pltF notified Defendant (Def) <u>T. Davis</u>, H-Unit manager (CUM) thru Request to staFF (RTS) that pltF was being deprived of his Holy Bible, unable to practice his christian Religion, denied physical access to Law Library (L/L) and that the L/L 3-Case Runner System (continued pages 8- 20)

B) (1)   Count II: <u>oDoc/oSP Defs' Committed acts, inactions, conduct</u>

<u>and omissions against PltF constituting deprivations/violations</u>

<u>under RLUIPA 42 U.S.C.A. § 2000 cc-1, but Not limited to.</u>

(2) **Supporting Facts:** <u>(A)</u>. Correlating with Count I (2) at (A) & (B) above, PltF wanted to engage in exercising his christian religion thru reading/studying of his Holy Bible, but Defs' <u>Davis & Workman</u> burdened/interfered with that right by refusing to allow pltF his Bible or any other bible, and refused pltF to participate in any congregational group (or any other substitute) church services. Then, Def. <u>Olmen</u> burdened/interfered by refusing to afford pltF right to put bout For redress of Grievances in attempts to remedy same. (DEC pdL 26-31, p3L/6-30).

<span style="margin-left:50%">(continued pages 20-24).</span>

① <u>All</u> dates referenced herein this Complaint and attached Declaration are <u>on or about</u> dates, Not necessarily <u>exact</u> dates.

5

XE-2  7/93

C) (1) Count III: *ODOC/OSP DeFs' committed acts, inactions, conduct and omissions against Pltf constituting deprivations/ violations under 42 U.S.C.A. § 1985, and § 1986, but Not limited to.*

(2) **Supporting Facts:** *Pltf is a believer/practicer/follower of well established christian religion (DEC p 3L16-32, p 4L1-12), and as such qualifies For a lawfully recognized protected class of people whose rights are protected From discrimination, and violation of equal rights protection of law under §1985(3) based upon Pltf's choice and/or preference of his religion. All above named DeFs' Knew or reasonably should have known that Pltf highly regards his christian religion class and the right to continue practicing it. (Cont pages 24-25)*

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) **Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☑ No ☐ If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)**

a) **Parties to previous lawsuit:**

**Plaintiffs:** *Richard L. Dopp*

**Defendants:** *D. Miller, Larry Rollerson, Daylon Poppell, etc.*

b) **Name of court and docket number** *W. D. of OKla. CIV-06-842D*

c) **Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)** *Voluntarily dismissed pursuant to settlement agreement.*

d) **Issues raised** *8th Amendment Dental, 1st Amendment Religious*

e) **Approximate date of filing lawsuit** *2006*

f) **Approximate date of disposition** *2010*

6

a) Plff : Richard L. Dopp
   Defs : D. Miller, D. Caldwell, Ms. Halvorson, etc.
b) W.D. Okla. CIV-09-101 D
c) voluntary dismissal
d) 8th Amendment dental, cruel + unusual punishment, exercise,
   unnecessary force, food, religious, etc.
e) 2009
f) 2010


a) Plff : Richard L. Dopp
   Defs : D. Miller, D. Caldwell, etc.
b). W.D. Okla. CIV-10-663 D
c) dismissed
d) Same as in CIV-09-101 D above
e) June 25, 2010
f) 8-01-11


a) Plff : Richard L. Dopp
   Defs : J. Jones, J. Blevins, R. Knight, etc.
b) W.O. Okla. CIV-10-1198 D
c) voluntary dismissal
d) Fall of 2010
e) Fall/winter of 2010


a) Richard L. Dopp
   Defs : J. Jones, J. Blevins, R. Knight, etc.
b) W.D. Okla. CIV-11-306 D
c) dismissed w/out prejudice
d) almost identical to herein complaint
e) March 2011
f) Tenth Circuit denied petition for Rehearing on 11-03-11

7

employed was unconst'l. The latter of which caused interference and
delay with pltf's ability to challenge his conditions of immediate
confinement in OU on 11-10-09 and recent reincarceration on
11-06-09. As acting UM, Def _Davis_ had power & authority to provide
a remedy but failed to do so. On 12-03-09, Def R. _Workman_ was
notified by pltf of exact same allegations referenced (ref) above
through (thru) a Grievance, and having power & authority to provide
a remedy _Workman & T. Crenshaw_ failed to do so. Finally, on 12-23-09,
Def D. _Orman_ refused to send Defs' _Jones & D. Morton_ (ODOC
Administrative Review Authority—ARA) pltf's Grievance Appeal of
above ref matter due pltf's indigent status, thereby violating pltf's
right to petition Government (Gov't) for redress of Grievances. _(B)._
On 11-18-09 from OU cell, pltf notified _Workman_ thru Emergency Grievance
that he was being denied his Holy Bible resulting in denial of practice
of religion, denied physical access to ¢/c and that ¢/c 3-Case runner
system was unconst'l resulting in delay & interference with pltf's
ability to challenge conditions of confinement in OU & reincarcerat-
ion. Def _Workman_ having power & authority to provide a remedy, failed
to do so. Finally, on 12-18-09 Def _Orman_ refused to send ARA pltf's
Emerg Grievance Appeal of same due to indigent status, thereby
interfering with right to pet Gov't for redress of grievances _(C)._
After pltf managed to acquire Holy Bible(s), on 12-21-09 Def _K._
_Johnson_ seized for 21 days _all_ pltf's Holy Bibles & religious materials,
causing denial-interference in pltf's practice of religion, and seized
_all_ legal materials & confidential correspondence from attorneys/courts,
etc., causing delays & interference in pltf's ability to challenge
conditions of his confinement & reincarceration. Some of seized
documents (Grievances/Appeals, etc.) of which were never returned, and
some read & photocopied by _Johnson_ and _coconspirator 1A Defs._
On 1-04-10 pltf notified _Workman_ thru Emergency Grievance as
to _Johnson's_ above seizure, and having power & authority to

8

provide a remedy, <u>Workman & Crenshaw</u> combined, refused to do so. Finally, on 1-13-10 pltff notified <u>Jones & Dr. Morton</u> by Emergency Grievance Appeal of same, and having power & authority to provide a remedy refused to do so. <u>(D)</u>. Since pltff arrived at OSP and currently continues, Def <u>orman</u> refuses to mail out pltff's certain legal mail, <u>all</u> non-legal mail (Family, Friends, ministries, clergy, churches, Book-sellers/vendors, media (newspapers, etc.), and some privileged mailings (legislature, Governor, ARA, etc.) due to pltff's indigent status. And instead maintains pltff can only send out postcards. <u>orman's</u> acts are violation of 1st Amendment, and also odocloses policies OP-030117 & OSP-030117-01, thereby interfering with pltff's freedom to practice his religion, pet. Govt for redress of Grievances, and ultimate access to courts. On 1-14-10 pltff notified <u>Workman</u> thru Emerg Grievance that <u>orman</u> was refusing to send out legal mail & Grievance/Grievance Appeals, and having power & authority to provide a remedy, refused to do so. Finally, on 2-22-10 <u>orman</u> refused to send pltff's Emerg Grievance Appeal to ARA of same due to indigent status, thereby interfering with right to pet Govt for redress of Grievances. (See attached Declaration (DEC) p 2 L 17-32, p 3 L 1-6). <u>(E)</u>. In may 2010 Def <u>orman</u> refused to allow pltff self-addressed return envelopes sent from H.W. Armstrong College to enable return of Bible Course test sheets, w/out providing pltff or sender Notice of prohibited correspondence, statement of reasons, or opportunity to be heard to challenge his decision. Pltff acquired a different envelope and submitted it with test sheets, with a separate envelope to media newspapers to <u>orman</u> where he refused to mail due to pltff's indigent status & contrary to odocloses policies, thereby interfering with pltff's practice of his religion and access to media. Pltff notified <u>Workman</u> of same on 5-14-10 thru RTS and refused a remedy, notified Workman on 5-27-10 thru Grievance and refused remedy. Finally, on 6-29-10 pltff notified <u>Jones & Morton</u> of same thru Grievance Appeal, provided no remedy.

9

Again on 3-01-11 pltff notified Def orman thru RTS that his numerous times of refusing to allow pltff to receive self addressed envelopes from H.W. Armstrong college to return Bible Course test sheets w/out Notice, reasons, opportunity to challenge theard, was violation, No remedy provided. On 3-15-11 pltff notified Workman again thru Grievance of same, but Def L. Morgan refused a remedy. Finally, on 3-28-11 Def orman refused to send Grievance Appeal of same to ARA, thereby interfering with pltff's right to pet Gov't For redress of Grievances. (See DEC p.2 L17-31). (F). On 5-27-10 & 7-08-10 pltff notified Workman thru RTS' of his need to access OSP's Segregation Housing Order, no remedy provided. Then on 6-29-10 & 8-04-10 pltff notified Workman of same thru Grievances, provided no remedy by Workman & Crenshaw. Finally, on 7-13-10 & 8-11-10 pltff notified Jones & Morton thru Grievance appeals of same, provided no remedy. All of which Defs' have effectively thwarted pltff's right to pet Gov't For redress of Grievances and access to courts as to pltff's deprivation of due process, etc., In being placed in DU & AS, as this Housing order Form (or lack thereof) will reflect mandatory ODOC policies[1] were not followed. (G). On 5-27-10 & 7-08-10 pltff notified Workman thru RTS' of being given Run-around by his subordinates as to exactly where & who to submit his Grievances to at OSP, whereas Workman acting alone refused to provide a remedy. On 6-29-10 & 8-04-10 pltff notified Workmen of same thru Grievances where Workman & Crenshaw combined, refused to provide a remedy. Finally, on 7-08-10 & 8-11-10 pltff notified Jones & Morton of same thru Grievance appeals, provided no remedy. All of which Defs' have thwarted pltff's right to pet Gov't For redress of Grievances & ultimate access to Courts by refusing to advise pltff where & who to submit his Grievances to. (H). On 5-27-10 & 6-29-10 pltff notified Def M. Green thru RTS of his need to access ODOC/OSP "Segregation Measures" policy, wherein Green refused to provide. On 6-15-10 & 7-22-10 pltff notified Workman of same thru Grievances and he refused to provide a remedy. On 6-29-10 D. Orman refused to send pltff's Grievance appeal as to same (6-15-10) to ARA, thereby interfering with pltff's

right to pet Gov't for redress of Grievances. On 9-13-10 pltf notified <u>Jones &</u> <u>Morton</u> of same (7-22-10) thru Grievance appeal and was refused a remedy. <u>All</u> of which <u>Defs'</u> interfered with pltf's right to pet Gov't for redress of Grievances and ultimate access to courts as said Seg measures policies reveal <u>Defs'</u> Failed to apply mandatory provisions thereof. <u>(I)</u>. On 5-28-10 pltf notified <u>Workman</u> thru RTs that he was being denied to participate in religious church services, and denied regular library access, no remedy provided. On 6-29-10 plF notified <u>Workman</u> of same thru Grievance, no remedy provided. On 7-08-10 Def <u>or man</u> refused to send Appeal to ARA, thereby interfering with 1st Amend right. On 6-05-10 pltf notified <u>Workman</u> thru RTs of being denied religious services, and on 7-08-10 thru Grievance of same, no Remedy. On 8-08-10 pltf notified <u>Jones & morton</u> of same thru Grievance appeal, no remedy. On 6-24-10 pltf notified <u>Jones</u> thru RTs that by <u>Jones</u> having pltf sent to OSP resulted in pltf being denied to attend any religious services to which <u>Jones</u> knew would occur. On 7-27-10 pltf notified <u>Workman</u> thru Grievance of same, and on 9-13-10 pltf notified <u>Jones & Morton</u> again of same thru Grievance appeal, no remedy provided, thereby denying/interfering/burdening pltf's right to practice his religion. (See DEC p 3 L 16-32, p 4 L 1-12). <u>(J)</u>. On 6-24-10 pltf Notified Def <u>E. Evans</u> thru RTs of his failure to ensure compliance was made of OSP off'ls to comply to ODOC policies of OP-030117, OP-030123, OP-030115, wherein would have provided pltf a remedy to mail out his privileged & non privileged mail pursuant to indigent status. (See DEC p 2 L 17-32, (p3 L 1-15). OF OP-030123 & OP-030112 wherein would provide pltf avenue to practice his religion (DEC p 3 L 16-32, p4 L 1-12). <u>Evans</u> refused/failed to provide a remedy. On 7-27-10 pltf Notified <u>Workman</u> of same thru Grievance and <u>Workman & Crenshaw</u> refused to provide a remedy. Finally, on 8-11-10 pltf notified <u>Jones & Morton</u> of same thru Grievance Appeal and was refused a remedy. By refusing to ensure compliance, enforce, and/or follow ODOC policies has resulted in <u>all</u> said <u>Defs</u> interfering/denying/burdening pltf's right to practice his religion, pet Gov't for redress

of Grievances, etc. (K). On 6-29-10 pltf notified Def Orman thru R1s that he had been denying pltf to send out Grievance/Grievance appeals due to his indigent status, thereby interfering with right to pet Gov't for redress of Grievances, No remedy provided. On 7-08-10, pltf notified Workman of same thru Grievance, provided No remedy. Finally, on 8-08-10 pltf notified Jones & Morton of same thru grievance appeal, No remedy provided, all of which are interfering with these same right(s). (L). On 7-13-10 pltf notified Def Orman thru R1s of his refusal to mail out 13 prior Grievance Appeals to ARA, No remedy provided. On 7-19-10 pltf notified Workman thru Grievance of same, no remedy provided. On 8-02-10 & 9-02-10 pltf notified Jones & Morton of same thru Grievance appeal and was provided no remedy. All said Defs have denied/interfered with pltf's right to pet Gov't for redress of Grievances, and ultimate access to courts by hindering his attempts to exhaust prison Admin remedies. (M). On 8-16-10 pltf notified Workman thru R1s that he was being retaliated against by being put on Grievance restriction by Def Crenshaw erroneously, No remedy was provided. On 9-01-10 pltf notified Workman of same thru Grievance, Workman & Crenshaw refused to provide remedy. On 9-15-10 pltf notified Jones & Morton of same thru Grievance Appeal, No remedy. On 3-29-11 pltf notified Workman thru R1s that Workman/Crenshaw had retaliated against him for submitting Grievances to them, Resulting in all of pltf's phone #'s deleted, demoted to Level I for over 2 years, and had pltf's cell searched after each Grievance was filed and/or weekly, No remedy provided. On 5-03-11 pltf notified Workman of same thru Grievance, no remedy. On 6-13-11 Def Orman refused to send Grievance appeal of same to ARA. On 3-29-11 pltf notified Workman & Crenshaw of their above ret acts constituting cumulative retaliation for submitting Grievances, No remedy, Notified Workman of same thru Grievance on 5-03-10, No remedy. On 6-13-11 Def Orman refused to mail pltf's Grievance appeal of same. Def Morton retaliated against pltf for submitting Grievance/Grievance Appeals to ARA by putting

pltf on further grievance restriction and then requiring pltf to notarize and attach a multiple page single affidavit thereto contrary to Okla. statutes and OP-090124 IX.B.2.a. On 2-01-11 pltf notified _Murton_ thru RTs of same being unconst'l , no remedy. On 3-07-11 pltf notified _workman_ of same thru grievance , no remedy. Finally, on 4-18-11 Def _or men_ refused to send grievance appeal of same to ARA. _All_ of said above ref _Def's_ have denied and/or interfered with pltf's right to pet gov't for redress of grievances. (See DEC p 2 L 31-32, p 3 L 1-15). _(N)._ Around July/Aug 2010 Def _orman_ Returned to Sender John Piper/Desiring God ministries(Minn), w/out affording pltf or sender a notice of prohibited correspondence, statement of reasons, or opportunity to be heard to challenge said decision. On 9-16-10 pltf notified _Or men_ thru RTs of same being violation , no remedy. On 11-08-10 pltf notified _work man_ of same thru grievance , no remedy. Finally, on 11-20-10 _Ormen_ refused to mail pltfs grievance appeal to ARA of same, thereby interfering with pltf's right to pet gov't for redress of grievances; and plf's right to practice religion as the item(s) from above were christian book(s) & litrature. _(O)._ On 10-8-10 pltf notified _Workmen_ thru RTs of unconst'l _unwritten_ policy of Def's _Orman & Green_ not splitting up Book vendor/seller deliveries ( 1 hard back from soft backs) wherein would afford pltf to receive his Softback books , no remedy. On 10-29-10 pltf notified _Workman_ thru grievance of same, no remedy. On 1-03-11 Def _or man_ refused to mail out pltf's grievance appeal of same to ARA ; thereby interfering in pet Gov't for redress. Also on 10-18-10 pltf Notified _Workman_ thru RTs of his unconst'l unwritten policy of denying pltf one Hardback christian book from Bookseller, and on 10-29-10 pltf Notified _Workman_ of same thru grievance , no remedy. On 1-03-11 _Ocman_ refused to send pltf's grievance appeal of same to ARA thereby interfering in pet gov't for redress. On 11-17-10 pltf Notified Def _M. Green_ thru RTs of above ref books being disposed of w/out proper Notice of prohibited correspondence,

statement of reasons, opportunity to be heard to challenge decison, no remedy provided. On 12-13-10 pltff notified <u>Workman</u> of same thru grievance, no remedy. On 1-24-11 <u>Orman</u> refused to mail pltff's Grievance appeal to AAA, etc. On 11-18-10, pltff Notified <u>Workman</u> thru Emergency Grievance of unconst'l disposal of his boots ref above, <u>Workman & Crenshaw</u> refused to provide a remedy. Finally, on 11-06-10 De<u>Orman</u> refused to send pltff's Grievance appeal to AAA of same, thereby again interfering in pltff's right to pet Gov't for redress of Grievances. Not only has <u>Defs</u> disposed of pltff's costly new books w/out providing 1st amendment protections, <u>Defs</u> have interfered with pltff's practice of religion as the Hardback book was a christian book "What have they done with Jesus." <u>(P)</u>. On two (2) separate occasions in Fall of 2010, Def <u>Orman</u> Returned to Sender christian Books & literature sent to pltff From Mt. Zion Bible Bookstore/Chapel Publishers (Florida) w/out giving pltff or sender a notice of prohibited correspondence, statement of reasons, and opportunity to be heard to challenge said decision. Once discovered, on 11-22-10 pltff notified <u>Orman</u> thru RTS of said matter and was provided No remedy. On 11-30-10 pltff notified <u>Workman</u> thru Grievance of said matter, and <u>Workman & Crenshaw</u> provided no remedy. On 1-03-11 <u>Orman</u> refused to send out pltff's Grievance appeal to AAA as to same, thereby interfering with his right to pet Gov't for redress of Grievances. On 11-30-10 pltff notified <u>Workman</u> thru RTS of <u>orman's</u> acts of returning to sender christian Books, etc., no remedy provided. On 12-13-10 pltff notified <u>Workman</u> thru Grievance of same, no remedy. Finally, on 1-26-11 <u>Orman</u> refused to mail out pltff's Grievance Appeal as to same to AAA, thereby interfering with right to pet Gov't for redress. <u>(Q)</u>. Def <u>Orman</u> has continually refused to send out pltff's Grievance & Grievance Appeals to ODOC AAA due to pltff's indigent status contrary to ODOC/OSP governing policies, thereby interfering with pltff's constitutional

14

right to petition Gov't for redress of his Grievances, and ultimately access to courts by thwarting attempts at exhausting prison administrative remedies, etc. On 12-13-10 pltf notified Workman & Crenshaw thru RTS of this matter and provided no remedy. On 1-26-11 pltf notified Workman of same thru Grievance, provided no remedy. Finally, on 3-05-11 Ormen refused to mail out pltf's Grievance appeal of same to ARA, thereby committing exact same violations complained above. CDEC p2L 31-32, p3L1-6). (R) In Nov/Dec 2010 pltf discovered that Def Sgt McManus had been destroying, mutilating, and trashing pltf's outgoing correspondence to Governor, pardon & parole board, state legislature members, and Grievance/Grievance Appeals to Workman & ARA & RTS's sent thru OSP internal mail system, thereby violating 1st Amend, right to petition Gov't for redress of Grievances, and ultimately access to courts by thwarting attempts at exhausting admin remedies. On 12-28-10 pltf notified Workman thru RTS of said matter, provided no remedy, notified Workman of same thru Grievance on 2-15-11, No remedy. On 3-22-11 Ormen refused to mail out pltf's Grievance appeal of same to ARA, thereby interfering with right to pet Gov't for redress thereof. Also on 12-28-10 pltf notified Workman of same thru "sensitive" Grievance and Workman & Crenshaw provided no remedy. On 1-03-11 pltf sent "Sensitive" Grievance to Jones & Morton of same, provided no remedy. (S). On 1-12-11 pltf notified Workman thru RTS that 4/c Supervisor had seized his legal materials (1) Dec of inmate Bill Cathey, (2) Dec of inmate Mitchell shults, both of which were to be used in herein lawsuit to establish claims against Ormen & McManus, ref in (R) above, provided no remedy. On 1-26-11 pltf notified Workman & Crenshaw thru Grievance, neither one provided a remedy. On 3-07-11 Ormen refused to send out pltf's Grievance appeal of same to ARA, thereby interfering with right to pet Gov't for redress of Grievances. Pltf also notified Workman

of same thru RTs on 1-25-11 and thru Grievance on 2-01-11, no remedy was provided. Then, on 3-07-11 Def Orman refused to mail out his Grievance Appeal to ARB, thereby interfering with right to pet Gov't for redress of Grievances. ( DEC p 7L 29-31, p8L 1-20). (T). On 2-25-11 Def Orman refused to send Pltf's mail to Governor Falling Otta Senators' Constance Johnson & R Hamilton due to pltf's indigent status rising to 1st Amend violation, right to pet Gov't for redress of Grievances, etc. On 3-01-11 pltf notified Orman thru RTs of this matter, provided no remedy, and on 4-05-11 Workman was notified thru Grievance of same, no remedy. On 5-09-11 Orman refused to send pltf's Grievance appeal to ARA of same, thereby thwarting right to pet Gov't for redress of Grievances, etc. (U). As ref hereinabove, Def Orman had been repeatedly refusing to send out pltf's Grievance/Grievance Appeals to ARA due to pltf's indigent status, thereby interfering with his right to pet Gov't for redress of his Grievances, and access to courts by thwarting attempts at exhausting admin remedies. On 4-05-11 pltf notified Workman & Crenshaw of said matter thru RTs, provided no remedy, and on 5-09-11 Workman was notified thru Grievance of same, no remedy. On 6-20-11 Orman refused to mail out pltf's Grievance appeal as to same to ARA, thereby interfering with right to pet Gov't for redress. (V). Just prior to 10-25-11, Def Orman refused to mail out pltf's Legal mail addressed to attorney Lawrence Hellman, Law professor at OKC university who provides representation to prisoners thru an "innocent project" to which pltf maintains he is actually innocent to AFC used as enhancement upon his current sentencing. Orman's refusal has interfered with pltf's attempts to access courts by submitting forms provided by said attorney as attorney client privilege to prepare a non frivolous action challenging CRF-86-86A as to his innocence. On 10-25-11 pltf notified Orman of this matter thru RTs, provided no remedy, and on 1h-01-11 pltf notified Workman

of same thru Grievance, no remedy. On 1-09-11 Def orman refused to mail out pltf's Grievance appeal of same to ARA, thereby interfering with right to pet Gov't for redress of Grievances. (W). On 1-24-11 Def orman refused to send pltf's envelope containing R1s's to two (2) LCF staff, R. Roberts & D. Miller, and Orman refused to mail pltf's offender misconduct appeal form (Escape) to LCF Warden D. Miller (misconduct Reviewing Authority), thereby interfering with pltf's right to pet Gov't for redress of Grievances, due process, and ultimately access to Courts. On 1-24-11 date, pltf also notified orman thru R1s of same, provided no remedy, and on 2-01-11 pltf notified Workman of same thru Grievance, no remedy. On 3-07-11 orman refused to send pltf's Grievance appeal to ARA, thereby interfering with right to pet Gov't for redress. On 1-26-11 pltf notified orman thru R1s again of said matter, no remedy, and on 2-01-11, Workman was notified, no remedy. Finally on 3-07-11 Orman refused to send another Grievance appeal of same to ARA. On 2-01-11 pltf notified Jones & Morton thru Misconduct appeal Form Doc 060125V and was allowed additional 10 days to send misconduct appeal to LCF. On 3-08-11 pltf resubmitted misconduct appeal to Def orman with an R1s therein requesting appeal be mailed to LCF, and never saw the appeal again, but Def Crenshaw responded to the ref R1s advising pltf to submit his misconduct appeal to Crenshaw for mailing to LCF. Pltf did this on 4-10-11 with another R1s dated same and never saw his R1s or misconduct appeal again. On 5-11-10 pltf notified workman thru Grievance of same latter incident, no remedy provided, and on 6-10-11 Def orman refused to mail out pltf's Grievance appeal of same to ARA. On 6-15-11 Def orman refused to send out another envelope containing R1s to LCF's D. Miller in attempts to ascertain if Miller had received ref above misconduct appeals. The hereinabove CDEC, 7619-28).

17

thoroughly demonstrates said Defs' refused/interfered with pltf's right to pet Gov't for redress of Grievances, due process, and ultimate access to courts, but not limited to. (X). In Nov/Dec 2011, Def Ocman returned to sender christian Books & literature from key of David publishing (Florida) without giving pltf or sender notice of prohibited correspondence, statement of reasons, or opportunity to be heard to challenge said decision. On 11-13-11 pltf notified Ocman thru RTS of same being (1st Amend violation, etc) provided no remedy, and on 1-13-12 pltf notified Workman of same thru Grievance, no remedy. On 2-13-12 Def Ocman refused to mail out pltf's Grievance to ARA of same, thereby interfering with pltf's right to pet Gov't for redress of Grievances. (Y). On 11-07-11 Def Workman's shakedown cell search team under his order & direction seized pltf's entire criminal case files of CRF-86-43, CRF-86-86A (case pltf is innocent of see (V) above) and occ A appellate counterparts without giving pltf a notice, statement of reasons, opportunity to be heard to challenge said seizure, and were never returned. On 11-13-11 pltf notified Workman of said matter thru RTS, no remedy, and on 1-13-12 pltf notified Workman thru Grievance, no remedy. On 2-13-12 Def Ocman refused to send pltf's Grievance of same to ARA, thereby interfering with right to pet Gov't for redress of Grievances. All said Defs have interfered with same said right, and ultimately access to courts as to pltf's attempts to pursue non frivolous action to challenge unlawful conviction of CRF-86-86A alleging actual innocence not only involving actual innocence project (V) above, but also fed Habeas Corpus. (Z). On 1-05-11 pltf submitted legal papers to OSP 4c to be copied whereas 4c supervisor read said papers and saw Def T. Davis name on page 11 of pltf's orig Complaint filed in herein case, and took same to Def Davis. Def Davis realizing pltf was involving Davis in said lawsuit, decided to retaliate against pltf by directing 4c supervisor to serve pltf misconduct offense that Davis signed off on. (See OEC p 72 29-31, p 821-20). pltf alleges these ref acts set in motion/caused by Davis has resulted in

18

interference with access to courts and retaliation for pltf exercising his
right to courts with intent to cause chilling effect to deter pltf
from filing and pursuing herein lawsuit against him and _other_ _co-co/co-_
_(Co-conspirator_ _Defs_ and the use of other-inmates declarations to
assist pltf's cause. On 1-15-11 pltf notified _Davis_ thru RTS of
said matter, no remedy, and on 3-14-11 pltf notified _Workman_ of
same thru grievance, no remedy. On 4-26-11 Def _Ormen_ refused
to send pltf's grievance appeal of same to ARA, thereby further
interfering with pltf's right to pet Govt for redress of grievances.
(AA). In addition to the above alleged 1st Amend violations, Def
_Ormen_ has refused to mail out pltf's RTS's, grievances, and grievance
Appeals to Jones & Morton (ARA) due to pltf's indigent status
contrary to 1st Amend and co-co/co policies ref above, as to: RTS &
Grievances orthopedic tennis shoes seized Nov 1995/Jan 2010; Appeal
State Case Filing Fees 2-22-10; Appeal showers 3-02-10; Appeal good
Conduct Credits 4-15-2010; Appeal Emotional Distress 1-26-11, Appeal
Cantrell refusing cert mail 1-26-11; Appeal hygiene Supplies 1-27-11;
Appeal RLUZPA Claims 1-27-11; Appeal Knight/Maddox (2) 2-16-11;
Appeals Blevins/Knight/Maddox/Johnson (4) 3-03-11, Appeals phones/
legal materials, misconduct appeal, grievance process (6) 3-09-11; Appeal
CJ-09-230 4-26-11, Appeal 4/c conditions 4-26-11; Appeal Anderson
5-01-11; Appeal Deck shoes 6-01-11; Appeal equal rights phone 6-14-11;
Appeal #11-033 6-20-11; Appeal tooth filling/periodontal disease (3)
6-23-11, 6-28-11, 8-02-11; Appeal veggy list 9-06-11; Appeal inadequate
Food/toothbrushes (2) 11-15-11; Appeal periodontal disease 1-04-12.
Thereby interfering/refusing pltf's right to petition Govt for redress
of his grievances.
   These above ref Defs, especially Jones, Morton, Workman &
Ormen have been notified by & thru previous lawsuits that their
similar if not exacting acts are unconstitutional. Said Defs'
have been notified of same thru RTS's, Grievances, Grievance

appeals, but not limited thereto, and refused to correct said violations having power & authority to do so, thereby revealing there deliberate indifference thereto. Def Jones by sending Pltf to OSP set in motion a series of acts/events that he knew or reasonably should have known would result in said violations, and Workman, Blevins, & Davis well knew pltf's placement in DU/AS would result in said violations.

Count 2 (2) continued: (B). Correlating with Count 1 (2) at (C) above, Pltf wanted to engage in exercising his christian religion thru reading/studying his Holy Bible(s) and relating literature, but Defs' Johnson, Workman, Jones, & Morton burdened/interfered with that right by refusing to allow return of same after being seized by Johnson. (OEC p3 L16-30). (C). Correlating with Count 1 (2) at (D) above, Pltf wanted to engage in exercising his christian religion [From 11-10-09 and currently continues as a reoccurring/ongoing violation] thru sending out Fellowship correspondence, order forms, visitor forms, request for religious publications, Bible courses, etc., to clergy, ministries, churches, Religious publishers/vendors/bookstores, etc., but Defs' Orman & Workman burdened/interfered [and continues to do so] with that right by restricting Pltf to send out only postcards contrary to RLUIPA and ODOC/OSP policies. Def Orman further burdens/interferes with RLUIPA, etc., by refusing to afford Pltf right to pet Gov't for redress of grievances in attempts to remedy same. (OEC p2 L17-31, p3 L16-32, p4 L1-12). (D). Correlating with Count 1 (2) at (E), Pltf wanted to engage in exercising his christian religion thru receiving Bible course return envelopes to enable him to return his Bible course test sheets back to H.W. Armstrong college. But, Defs' Orman, Workman, Jones & Morton burdened/interfered with that right by refusing to allow pltf to receive said envelopes in violation of RLUIPA and contrary to ODOC/OSP policies, etc. Def Orman further burdens/interferes with RLUIPA, etc., by refusing to afford pltf right to pet Gov't for redress of grievances in attempts to remedy same. (OEC p2 L17-31, p3 L16-32, p4 L1-12).

20

(E). Correlating with Count 1 (2) at (I) above, pltf wanted to engage in exercising his christian religion [From 11-10-09 and currently continues as ongoing/reoccurring violation] thru participating in group congregat-ional church services, but Defs' Workman, Jones, & Morton are burd-ening/interfering with that right by refusing to allow any such part-icipation [29 months and counting]. Def Orman further burdens/interferes with RLUIPA, etc., by refusing to afford pltf right to pet Gov't for redress of Grievances in attempts to remedy same. [ DEC p2 L17-31, p3 L16-32, 4 L1-12]. (F). Correlating with Count 1 (2) at (J) above, pltf wanted to engage in exercising his christian religion [From 11-10-09 and currently continues as ongoing/reoccurring violation] thru contacting churches, ministries, clergy, religious publishers, receive and send out Bible Course lessons & test sheets, etc., and participate at congregational church services. But due to refusal to enforce compliance to disclose policies governing same, Defs' Evans, Workman, Jones, & Morton are burdening/interfering with pltf's rlf right and RLUIPA. [DEC p2 L17-31, p3 L16-32, p4 L1-12]. (G). Correlating with Count 1 (2) at (M) above, pltf was retaliated against for exercising his right to pet Gov't for redress of Grievances as to being denied/burdened/interfered with his right to practice his religion as rlf hereinabove (A)-(G), thereby causing a chilling effect upon pltf in attempts to stop him from seeking further redress of said religious rights being violated. Whereas a result, Defs' Workman, Crenshaw, Jones, & Morton have further burdened/interfered by said retaliation in violation of RLUIPA. Def Orman further burdened/interfered with RLUIPA, etc., by refusing to afford pltf right to pet Gov't for redress of Grievances in attempts to remedy same. [ DEC p2 L 30-32, p3 L1-15]. (H). Correlating with Count 1 (2) at (N) above, pltf wanted to engage in exercising his christian religion thru receiving/reading/studying christian books sent him from John Piper/Desiring God ministries (minnesota). But Defs' Orman,

21

Workman burdened/interfered by refusing to allow pltf to receive said books. Def Orman Further burdened/interfered with RLUIPA, etc., by refusing to afford pltf right to pet Gov't For redress of Grievances in attempts to remedy same. (DEC p2 L30-31, p3 L24-30). (I). Correlating with Count 1 (2) at (O) above, Pltf wanted to engage in exercising his christian religion thru receiving/reading/studying a christian book "What Have They Done With Jesus" sent/purchased from Edward Hamilton Bookseller Vendor (Connecticut). But Defs' Orman, Green, Workman, & Crenshaw burdened/interfered by refusing to allow pltf to receive said book. Def Orman Further burdened/interfered with RLUIPA, etc., by refusing to afford pltf right to pet Gov't For redress of Grievances in attempts to remedy same. (DEC p2 L30-31, p3 L24-30). (J). Correlating with Count 1 (2) at (P), Pltf wanted to engage in exercising his christian religion thru receiving/reading/studying christian books sent him from Mt. Zion Bible Bookstore/Chapel Publishers (on two occasions) (Florida). But Defs' Orman, Workman, & Crenshaw burdened/interfered with that right by refusing to allow pltf to receive said books & literature, etc. Def Orman Further burdened/interfered with RLUIPA, etc., by refusing to afford pltf right to pet Gov't For redress of Grievances in attempts to remedy same. (DEC p2 L30-31, p3 L24-30). (K). Correlating with Count 1 (2) at (R) above, Pltf wanted to engage in exercising his christian religion thru communication with OSP chaplain by RTS to which Def McManus burdened/interfered by mutilating/destroying & refusing to forward same to said Chaplain. Defs' Workman, Crenshaw, Jones, & Morton burdened/interfered in same by being advised of McManus' violation and refusing to provide a remedy. Def Orman Further burdened/interfered with RLUIPA, etc., by refusing, on at least one occasion, to afford pltf right to pet Gov't For redress of Grievances in attempts to remedy same. (L). Correlating with Count 1 (2) at (X), Pltf wanted to engage in exercising his christian religion thru receiving/reading/studying christian books & literature sent him from Key of David Publishing (Florida). But Defs' Orman, Workman

burdened/interfered with that right by refusing PltF to receive said books, etc. Def Orman. Further burdened/interfered with RLUZPA, etc., by refusing to afford pltf right to pet Gov't For redress of Grievances in attempts to remedy same. (DEC pd L30-31, p 3 L24-30). (M). On 1-30-10, 12-13-10, pltf notified Workman thru RTS & Grievance that the refusing to allow him to receive christian books, etc., From legitimate Book stores/publishers, etc., was in violation of RLUZPA, and was provided no remedy. Def Orman Further burdened/interfered with RLUZPA, etc., by refusing to afford pltf right to pet Gov't For redress of Grievances on 1-26-11 in attempts to remedy same. (N) PltF alleges by Defs' Evans, Orman, Workman, Green, Crenshaw, Jones, & Morton in denying to provide him a meaningful means due to his indigent status, to send out order Forms & other similar requests to enable him to acquire christian Books, literature, bible course lessons, etc., acts as a substantial burden/interference that affects National Commerce between other states but not limited to (Missouri, Florida, Texas, Connecticut, Minnesota) wherein said religious vendors are located. Such acts by Defs' also substantially burdens/interferes and effects commerce with Foreign nations as some christian vendors/providers of books/literature, etc.) reside in Canada, England, Ireland, etc.) that pltf wishes to contact For Further practice of his religion.

These above ref Defs, especially Jones, Morton, Workman & Orman have been notified by & thru previous lawsuits Filed against them, that their similar if not virtually exacting acts are unconstitutional. These and rest of Defs have been directly notified of same thru RTS's, Grievances, Grievance Appeals, etc., and having power & authority to correct said violations reveal a pattern of refusing to do so thereby also exhibiting their deliberate indifference thereto. Def Jones by intentionally/deliberately sending pltf to OSP set in motion a series of these ref above acts/events that he knew or reasonably should should have known would result in said violations, and Jones, Workman, Blevins, & Davis well knew pltf's

placement in OU/AS would result in said violations.

(Count 3 (2) continued: Defs' Jones, Evans, Blevins, Workman, Crenshaw, Morton, Davis, Morgan, Knight, Maddox, & Johnson, but not limited thereto, acted and continue to act in concert with and/or conspired with each other by a meeting of the minds resulting in violations of §1985 & §1986 against pltff. Defs Jones, Blevins 1st initiated violations by them personally having PltF sent to OSP wherein directly set in motion a series of acts/events thru their co-conspirators and subordinates listed above, whereas Jones & Blevins have refused to terminate those acts/events which they knew or reasonably should have known would cause pltff extensive const'l deprivations of his right to exercise his religion. PltF references and incorporates herein, his allegations listed in Count 2 herein above and further alleges that those acts are a direct result of said Defs' conspiracy in causing a prejudicial outcome towards PltF by discriminating against pltf's attempts to practice his Christian religion and the tenents thereof. (DEC p3L 16-32, p4L 1-12). For example, PltF further alleges Def K. Johnson was directed by Def Blevins who was directed by Jones, to seize pltfs bible(s) & religious literature on 1h-21-09, wherein Defs' Workman & Crenshaw were directly notified of said violation, knew such was a violation of religious rights, but similarly conspired thru a meeting of minds to do nothing about it. ( see Count 2 (2) at (B)). Defs' Jones, Evans, Blevins, Workman, Crenshaw, Morton, Davis, Morgan, knew that Def ocran at OSP would refuse to afford pltf indigent status provision to send out correspondence to clergy, ministries, churches, pastors, religious Bookstores/vendors/publishers, and even though directly notified of said violations, said Defs' thru a meeting of minds conspired not to provide a remedy knowing same were religious violations discriminating against and causing prejudicial outcome to pltf's practice and exercise thereof. In further accomplishing said schematic goals of a conspiracy effort,

DeF Jones directed all his subordinates involved with pltf's class-
ification status, prison assignment, Unit & cell assignment, level status,
to make absolutely sure pltf was assigned & transported to OSP with delib-
erate intentional motive to deny, interfere, and/or cause substantial
burden, restriction, and interference with pltf's efforts to practice
his fundamental methods of christian religion.

The above NP DeFs' have also conspired thru a meeting of minds to
violate pltf's rights under equal protections of the laws and/or
equal privileges and immunities under the laws clause. Specifically
discriminating against him by sending pltf to OSP Instead of
back to a medium security prison as his true classification status
requires. Similarly classified inmates at medium security prisons,
including LCF to where pltf previously resided, did Not, at least
to the extent as OSP, deprive Similarly situated classified inmates
opportunity to practice their christian religion of said allegations
listed in Count 2 (2) herein above. Not only has DeF Jones & Blains
and their co-conspirators discriminated and caused a prejudicial disp-
osition against pltf thru said allegations as listed (A) thru (W), etc.,
but also such were intended as a retaliatory punishment tool to
deteriorate pltf's mental, physical, spiritual, physchological cond-
ition and well being, as pltf's practice of his christian religious
beliefs are critically important to maintain the above ref qualities
to the highest degree possible in proportion to faith generated by said
practice. Wherein a result of DeFs' conspiracy to deprive pltf of
Said practice thereof, pltf is slowly but surely succombing to
declination of all said qualities, wherein said results are the goal
of said DeFs.

IF it should be later discovered that any of said listed DeFs'
did Not function in an active role in said conspiracy in
violation of §1985(3), but yet DeFs' had knowledge of said
Violations, had power to prevent and/or aid in preventing said
acts, but refused to do so, then said DeFs' or others yet to
be discovered, are in violation of §1986, but Not limited thereto.

D) (1) Count 4: ODOC Defs' committed acts, inactions, conduct and Omissions against PltF constituting deprivations/violations of U.S. Constitution's 4th Amend & Okla Constitution's Article 2 §30

(2) Supporting Facts: On 11-05-09 Def Jones personally directed Defs' Blevins, Knight & Hert to hunt down and seize pltf and return him to Prison after pltf had been issued a genuine Certificate of Release from ODOC/LCF on 10-05-09. On 11-06-09 Defs' Blevins & Knight entered pltf's mother's home w/out her or anybody else's consent and seized/arrested pltf w/out any arrest warrant, search warrant, or any hold whatsoever lodged against him. Knight & Blevins failed to advise pltf of their authority to make such arrest or to what reason/charge pltf was being arrested for. Nobody has at anytime advised pltf of his miranda right warnings as required by law, nor has pltf been afforded what the courts refer to as a probable cause determination ref as a Gerstein v. Pugh hearing, required when a person has been arrested w/out a warrant. Pltf contends that none of Defs' ref above had probable cause to arrest pltf as they had no personal knowledge that pltf had committed or that he was committing an offense at the time of his arrest. Def Knight hand cuffed pltf behind the back and forced him to ride in transport vehicle with his hands behind his back contorted in a manner that caused excruciating pain to his arms, shoulders, & wrists, for several hours, wherein interfered with pltf's ability to move his arms, shoulders, and wrists, for several weeks thereafter. Pltf requested he be handcuffed in front of torso for said transport, but was denied by Def Knight reflecting his use of deliberate indifference to excessive force. Once pltf alleges his arrest was unlawful as he has done, the burden shifts to Defs' to establish arrest was lawful.

E) (1) Count 5: ODOC/OSP Defs' committed acts, inactions, conduct and omissions against pltf constituting deprivations/violations of U.S. Constitution's 5th/14th Amendments, but not limited to.

2) Supporting Facts:   Self-Incrimination Compulsion / Compelled to Become Informant. Acting in concert thru a meeting of minds, Defs' Jones & Blevins sent Def A. Maddox on 12-10-09 to interrogate pltff (during interval of pltff being disciplinary punished) about pltff's possible criminal offense of Escape From LCF. At said interrogation Pltff was ankle & wrist cuff restrained to a waist chain insdde a locked room with the understanding he had to attend and could not leave until told to do so, and that he was being interrogated For possible criminal charge violations, but yet pltff was never given any Miranda right warnings. After being thoroughly interrogated about pltff's controversial release From LCF, and Maddox unable to obtain her initial goal, Maddox entertained pltff with a mutual agreement to NOT prosecute him with any Street Court charges, NOT prosecte him with any other LCF misconduct offense reports (write-ups), and take pltff off DU/AS at OSP and return him back to medium security poison, subject to Defs' Blevins & Jones approval. On 12-18-09 Def Knight interrogated pltff under same circumstances ref above, and stated that the agreement Maddox had offered pltff on 12-10-09 had been approved by Jones & Blevins and all such agreement conditions would be upheld and Knight tape recorded said agreement same date. According to that agreement pltff reluctantly provided Knight with self incriminating info on same date (recorded) wherein Knight was completely satisfied thereby sealing pltff's part of contractual agreement.

However, on 12-21-09, Jones & Blevins sent Def K. Johnson to further interrogate pltff under same circumstances ref above, but demanded additional info from pltff not made part of original agreement ref above. Def Johnson demanded pltff inform as to who else had been released from LCF anyway similar as to how pltff had been, (which would require pltff to become an informant. When pltff refused to provide Johnson with any more self-incriminating and informant info, Defs' Blevins & Jones directed and Johnson seized all pltff's bibles & religious materials, all legal

27

correspondence/materials, hygiene items, etc., and pltf was taken out of AS cell with cell partner, and put back into Disciplinary Unit cell in isolation because pltf refused to self incriminate & become informant. Pltf's property ref above was seized for 21 days and some never returned and some or all, were photocopied, nor was pltf allowed to cell with any other inmate thereafter. On 1-09-10, <u>Maddox & Knight</u> interrogated pltf under same circumstances ref above, armed with photocopies made of materials seized by <u>Johnson</u> on 12-21-09. Pltf was threatened by <u>Knight</u> who informed pltf that <u>Jones</u> told him to tell pltf that if he did not provide the additional info, pltf could Fu. King rot down in that dungeon at OSP until he decided to provide said info. <u>Knight</u> accused pltf of being a terrorist by refusing to become an informant and further incriminate himself, and that he had authority to have pltf removed off AS/DU that very day if pltf would provide said info.

These acts ref above committed by said <u>Defs</u>, but not limited to, rise to compulsion against pltf to become and informant and provide self incriminating info. As a result of pltf refusing and exercising his Const'l right not to provide said additional info, pltf was served a misconduct offense report (write-up) of Escape on 10-21-10, kept at OSP and on AS indefinitely. Def <u>Maddox</u> not only personally participated, but was present while said violations were in process and knew or should have known said acts were unconst'l whereas she made no attempt to intervene therein. Def <u>Workman</u> was also notified as to said unconst'l violations after each interrogation thru personal briefing by Defs' <u>Knight, Maddox, &</u> <u>Johnson</u>, wherein <u>Workman</u> knew or should have known said acts were unconst'l. Fact is <u>Johnson</u> had to have <u>Workman's</u> authorization to move pltf out of AS cell to DU cell on 12-21-09. Pltf notified <u>Jones, Blevins, Maddox, Knight, Johnson, Workman, & Morton</u> thru ODOC offender Grievance procedure in writing, and having power & authority to provide a remedy, refused to do so thereby exhibiting their deliberate indifference.

28

<u>Failure To Uphold And/or Breach Of Contractual Agreement/Fraud/</u>
<u>Undue In Fluence</u>: As ref. hereinabove, <u>Defs</u>' Jones, Blevins, Maddox,
<u>Knight</u>, but not limited to, acted in concert thru a meeting of minds
and/or direct participation in making a contractual agreement with
pltff as to his Release from ODOC/LCF custody on 10-05-09, which
included pltff would (1) <u>not</u> be prosecuted with any criminal Street
Court charges, (2) <u>not</u> be prosecuted with ODOC/LCF offense reports (write-
ups), (3) taken <u>off</u> DU/HS and transferred back to medium security
prison. Pltff alleges said <u>Defs</u>' had no intention of upholding any such
agreement with pltff from its inception, and they indeed, did not
uphold said agreement although they received all satisfactory info
from pltff that was agreed he provide. <u>Defs</u>, especially Maddox &
<u>Knight</u> used their superior knowledge, influence, authority, as well
as conspiracy of others in obtaining said self-incriminating info
from pltff that has resulted in prejudice to him, as <u>Defs</u>' caused
pltff to be served a misconduct offense report (write-up) of escape
as to the 10-05-09 incident, and continue to hold pltff at OSP on
A5. These ref above acts constitute Fraud, constructive fraud,
Breach of Contract, & undue influence against pltff. Not only did
said <u>Defs</u>' personally participate in said violations, but pltff
also notified them thru ODOC/OSP offender Grievance procedure in
writing, and having power & authority to provide a remedy, failed to
do so exibiting further deliberate indifference. Def <u>Workman</u>
(also thru briefing ref above), and both <u>Workman & Morton</u> have been made
directly aware of same thru same Grievance procedure and similarly
provided no remedy although having power & authority to do so. Supp-
lemental Jurisdiction may be required if claims are determined State law claims

<u>Equal Rights Protections of The Laws Clause Violations</u>

Pltff has class-of-one standing and alleges the <u>Following Defs</u>'
have singled him out and committed following acts of discrimination
against him by denying him certain rights/privileges, etc.,
that said Defs' are allowing other similarly situated inmates and

there is no legitimate rational basis for doing so. (A). On 7-08-10 pltf notified Workman that pltf had been discriminated against by being refused to participate in ordering Summer Food program package purchases from outside vendor, whereas other similarly situated inmates at OSP had been allowed to do so. On 8-08-10 pltf notified Jones & Morton of same thru Grievance procedure and they refused to provide a remedy, exhibiting delib indifference. (B). Def Marlar has been prescribing supplemental Food (in sacks) to other similarly situated inmates at osp due to them being prescribed medications that either directions state to be taken with Food and/or due to inmates complaining of upset stomach due to said meds. But, Def Marlar is discriminating against pltf by refusing to prescribe him supplemental Food sacks due to his meds directions stating to be taken with Food and causing upset stomach due to taking said meds. Pltf notified Marlar of this matter thru RTs on 7-01-10 & 8-16-10, and notified Mason thru Grievance on 8-04-10 & 9-01-10, and then notified Def McCoy of same on 8-11-10 & 10-11-10 thru Grievance appeal, and was provided no remedy exhibiting deliberate indifference. (C). Def Marlar has been prescribing/providing better shoes from outside vendors (purchased by opsc/osp) to similarly situated osp inmates who have similar medical needs of foot damage as pltf and due to OSP deck shoes being inadequate. But after Marlar confirmed pltf has legit medical need for better shoes, Marlar has discriminated against pltf by refusing to prescribe/provide pltf shoes from outside vendors (even when pltf's family agreed to incur the cost). Pltf notified Marlar of said matter thru RTs on 5-31-10, and notified mason thru Grievance on 7-08-10, and then McCoy thru Grievance appeal on 8-08-10, neither provided a remedy, thereby exhibiting deliberate indifference. (D). Def Ormon has been refusing to afford pltf to mail out Grievance/Grievance appeals to ODOC ARA due to his indigent status, whereas in so doing pltf alleges he is being discriminated against as other similarly situated indigent status inmates in ODOC system under exact same ODOC policies,

are being afforded to send out multiple Grievance/Grievance Appeals to AAA inside one (1) week. Workman was notified thru RTS of this matter on 7-14-10, and thru Grievance on 7-22-10, and Jones & Morton were notified by Grievance appeal on 9-13-10, whereas no remedy was provided exibiting their deliberate indifference. (E). Def orman has been allowing similarly sstuated in mates at OSP to receive Christian Books from outside Bookstores/vendors/publishers, etc., but discriminating against pltff by refusing him to do so. Pltff notified Workman & Crenshaw of said matter thru RTS on It 30-10, and Workman again thru Grievance on 12-13-10, whereas neither provided a remedy exibiting their deliberate indifference. (F). Pltff has been discriminated against by having all his telephone numbers deleted and unable to use phone for over one (1) year in doll, whereas other similarly sstuated inmates at OSP (even those on level 1 status) were still allowed to utilize telephone during this same time period. Pltff notified Workman of this matter thru RTS on 1-12-11 & thru Grievance on 1-26-11, and was provided no remedy exibiting deliberate indifference. (G). Pltff is being discriminated against by Defs' Jones and/or Blevins by them sending and holding pltff at ODOC OSP max/supermax prison, but yet other similarly situated offenders sentenced to LLWop for trafficking marijuana under exact same statute 63 O.S.§2-415 are being held in custody at ODOC (or private) medium security prisons. Pltff notified Workman of this matter thru RTS on 5-28-10 and thru Grievance on 8-04-10, and Jones & Morton were notified on 8-11-10, neither Def provided a remedy exibiting deliberate indifference threato.

## Retaliation Claims

In addition to initial overall retaliation claims & results thereof as alleged hereinabove suffered from ODOC/OSP Defs' against pltff for him being released from LCF and resulting media and other embarrassment, Pltff further alleges the following retaliation

claims. (A). Def Crenshaw, Workman, Kosby, & Jones, retaliated against pltf for exercising his right to petition Gov't for red-ress of his grievances. See Count 1 (2) at (M), page 12).

(B). Def McCoy retaliated against pltf for exercising his right to pet Gov't for redress of his medical grievances, by McCoy also putting pltf on additional grievance restriction in attempts to cause pltf not to pursue said right and that of attempting to exhaust his prison admin remedies as to 8th Amend violations.

(C). Defs: Johnson, Blevins, Jones, & Workman retaliated against pltf for pltf exercising his right not to become informant or self-incri-minate on 12-21-09, by Defs seizing pltf's property and taking him out of AS cell and back into DU cell. See Count 1 (2) at (C) hereinabove page 8-9. (D). Def Nicholson retaliated against pltf for initially signing a medical waiver to deter from being marched up-the-hill in leg cuffs to see eye doctor, but when pltf attempted to sign a 2nd waiver Def Nicholson force marched pltf up-the-hill anyway in leg cuffs injuring pltf's ankles. See Count 6 (2) at (E) hereinabove, page 34-35. (E). Def Davis retaliated against pltf by directing pltf to served a misconduct offense report (writeup) and confiscated two (2) Declarations, because pltf put Davis' name on original complaint in herein actions. See Count 1 (2) at (S), page 15-16, & DEC p 7L 29-31, p8 L 1-20. (F). Def D. Miller retaliated against pltf by having pltf served a misconduct offense report (write-up) of escape and/or affirmed guilt of same, because pltf refiled a lawsuit of Clu-10-663 (1) herein this Court against Miller.

(G). Def R. Anderson retaliated against pltf for including him as a Defendant in herein lawsuit and pltf's attempt at exercising his right at informal resolution before filing herein lawsuit, whereas shortly after pltf served Anderson service of process pursuant to Rule 4 (d), Anderson, thru a meeting of minds with Def Hert

32

Caused pltf to receive a misconduct offense report (write up).

(H). Def Hert retaliated against pltf by having him served a misconduct offense report (write-up), because pltf refused to become Hert's in Formant as to how suicide victim received illegal contraband, and due to conspiracy with Def Anderson ref above in (G). See DEC p9L 7-16.

F)(1) Count 6: ODOC/OSP Defs' committed acts, inactions, conduct and Omissions against Pltf constituting deprivations/violations of U.S. Constitutions 8th Amendment, but Not limited thereto. (2) Supporting Facts: (A). As early as 11-13 & 11-18, 2009, Pltf Notified Defs' Jones, Workman & Davis, that conditions pltf was being subjected to in OSP DU, especially no lighting, no showers, inadequate indigent hygiene supplies, etc., was unconst'l. Pltf also Notified Workman thru Grievance where Crenshaw & Workman refused to provide a remedy, and when pltf similarly Notified Jones thru a Grievance, Morton & Jones provided no remedy. As a result, pltf has sustained irrepairable eye injury, wherein after Further notifying Defs' C. Mason & G. McCoy, they also refused to attempt any treatment or refer pltf to an eye specialist. (DEC p lL 10-14). (B). Defs' Workman & Davis were also personally Notified by pltf that he was being denied showers, razors, Finger/toe nail clippers causing ingrown toe nails with bleeding puss infection and severe pain. That 21 days wo a shower and infrequent showers thereafter caused pltf to sustain severe rash infection/Fungus on genitalia, sores, scabs, itching/flaking/bleeding of skin on various parts of his body also causing unnecessary severe pain & suffering. Workman's shower policy limited to 5 minutes is not enough time to shower, and showers do not have separate Hot & cold Faucet/buttons. (DEC p 5 L 19-21). Defs' Workman, Jones, & Morton have all been personally Notified by pltf thru offender Grievance process and refused to provide a remedy. Relevant dates & time frames are virtually same as listed in (A) above. (C). As early as 11-13 & 11-18, 2009, Defs' Davis,

33

Workman, and K. Wingo have been notified that OSP indigent hygiene supplies provided pltf are inadequate, with no dental floss, toothbrushes are inadequate travel toothbrushes that do not last but two weeks and are sometimes not provided for six (6) months or longer; inadequate & not enough toothpaste, wherein has resulted in pltf's periodontal disease infection of teeth & gums to worsen. Including pltf's gums & teeth swelling and producing bloody puss and severe pain requiring professional dental treatments. (DEC p 4 L 13-32, p 5 L 1-2). Def's Workman, Crenshaw, Jones, & Morton have been personally notified by pltf thru offender grievance process and refused to provide a remedy where said conditions continue. (D). As early as 1-04-10 pltf notified Def Workman of pltf's prior back injury and that OSP's mattress being provided him were inadequate causing severe back pain. Pltf further notified Workman thru grievance and was provided no remedy. Later in the year Workman set into motion a shakedown event that resulted in pltf's entire mattress being taken for several days, leaving him to sleep on bare concrete bunk causing excruciating pain & suffering and coldness during winter time. Workman was notified by grievance and Morton & Jones also, but neither Def provided a timely adequate remedy. (E). On 11-13-09 pltf notified Workman that he had a prior major ankle/leg/foot injury and that unnecessary leg cuff restraints being used on his right ankle caused reinjury to that ankle. Pltf notified Workman that being thus restrained in OSP 4/c for several hours each visit, and during showering (and back & forth thereto) was causing pltf reinjury and severe pain & suffering to which Workman refused to provide a remedy. These injurious conditions led to pltf refusing to be marched up-the-hill in leg restraints to see eye doctor, miller, resulting in Def Sgt. Nicholson having personal knowledge of said ankle injury. Despite this knowledge, Nicholson force marched pltf up-the-hill on 10-08-10 in leg cuff restraints causing reinjury to pltf's ankle resulting in severe swelling, pain & suffering for at least 2 weeks. Pltf alleges Nichol-

34

son's acts were fueled by his intention retaliating against pltff for signing a medical waiver on the prior occasion on 7-15-10 where pltff did so to prevent just such an injury. (DEC p 16 25-31, p 26 1-16). Defs' Workman, Crenshaw, Jones, & Morton have all been notified of the above thru offender grievance procedure and refused to provide a remedy exhibiting deliberate indifference. (F). Due to unnecessary leg cuff restraints by Def Workman and no floor mat in shower, on 8-09-10 pltff slipped in shower and injured his hip & ankle severely. Once seen by Def Dr. Marler pltff was advised x-rays would be taken, but never were, wherein Marler provided no medical treatment whatsoever. pltff notified Defs' Mason and McCoy of same, who also refused to provide remedial treatment. As to claims (E) & (F) Defs, keep passing blame upon each other, Workman & Crenshaw contend Marler has failed to indicate pltff's medical needs include not being leg cuffed, and Marler claims he can't override Workman's leg cuff policy, all of which clearly exhibit deliberate indifference. (G). As early as 6-03-10, pltff has personally notified Defs' Workman, Crenshaw, & Bob Compton that OSP food quantity served him is grossly inadequate and does not constitute 2,000 calories daily, resulting in pltff's substantial weight loss, atrophy & shrinkage of muscles, severe stomach pains, etc. That plastic food trays are disintegrating and becoming mixed with the food as well as trapping old food and cleaning solvents underneath the plastic bubbles, insects especially ants on trays and in food. Food is cold and served hard or into gelatin, and that substitutions were being made that do not equal or rise above the food being substituted, and that some substitutes are not being made at all, leaving no items. For example Def Compton substitutes instant mashed potatoes for virtually every thing from wholesome vegetable soup to tater tots to corn bread, etc. These ref above shortcomings cause pltff to become sick and nauseated by such food poisoning & contamination. All said Defs' including Jones & Morton have been notified of such thru offender grievance procedure

35

and provided no remedy, exhibiting deliberate indifference. (DEC p5L23-27). (H). Pltf has notified Workman as early as 8-04-10 that not only are OSP provided Deck shoes inadequate but that their life expectancy of 4 months actually wear out in 2 months, and that OSP failed to provide new ones. The longest period pltf was refused worn out deck shoes to be replaced was over one (1) year, causing additional pain & suffering. Defs' Workman, Crenshaw, Jones, & Morton have all been notified of same thru offender grievance procedure and refused to provide timely adequate remedy exhibiting deliberate indifference. Furthermore, Defs Marlar, Mason, & McCoy have all been notified of pltf needing better shoes and/or supplemental slip-in insoles (for deck shoes) due to his fragile ankle-leg-foot injury that Marlar himself has confirmed thru X-rays, but all Defs have yet to provide a remedy exhibiting more deliberate indifference to pltf's serious medical needs. (I). As early as 6-20-10 pltf has notified Def Workman that laundry at OSP was only being done approximately once a week and coming back almost as dirty as it went out. That sometimes laundry would not come back at all, and then clothing, etc, would not be replaced leaving pltf w/out clothing or clean laundry. Defs' Workman, Jones, & Morton have repeatedly been notified of same thru offender grievance procedure and refused to provide a remedy exhibiting deliberate indifference. (DEC p5L16-18). (J). Def Workman has also been notified by pltf that due to enlarged prostrate glands he is unable to hold his urine for seven (7) hours while visiting OSP 4/c as required by Workman's no restroom access policy, causing severe cruel & unusual punishment. On 6-08-10 Def Marlar was notified thru RTS that pltf had enlarged prostrate and had been receiving medication at LCF but said treatment did not treat the cause only the symptoms, wherein pltf requested to be provided "Avodart" to actually treat the cause by shrinking prostrate. Pltf's condition continues to worsen but Marlar, Mason, & McCoy all being notified thru offender grievance procedure of said condition, refuse to treat or provide a remedy,

exhibiting deliberate indifference. (K). Def Marlar has prescribed pltf high dosages of motrin/Ibuprophen, Tylenol/Acetominophen, and Aspirin/Acetaminophen/Caffeine (latter 3 in combination) whereas these meds themselves direct pltf to take with food, especially due to upset stomach as side effect. Pltf has repeatedly but especially on 7-01-10 & 8-16-10 notified Marlar that said meds were causing major upset stomach to the point of sometimes spitting up blood and bile, and that he needed supplemental food sack to be eaten when taking these meds but was denied. Defs' Mason & McCoy have been notified of same thru offender Grievance procedure and also refused to provide a remedy exhibiting deliberate indifference. (L). On 7-01-10 & 8-16-10 pltf also notified Marlar of suffering symptoms of ulcers due to Marlar prescribing high dose meds ref in (K) above w/out also providing supplemental food therewith. Marlar admitted such could cause ulcers but refused to provide food or any adequate treatment, leaving pltf to continue having stomach problems & spitting up of blood & bile, etc. Defs' Mason & McCoy have also been notified of same thru offender Grievance procedure and refused to provide a remedy exhibiting deliberate indifference. (M). Since pltf's arrival at OSP he has suffered more frequent and more painful excruciatingly incapacitating painful migraine headaches than ever before in his lifetime. Def Marlar prescribed pltf high doses of meds ref in (K) above that cause significant adverse side effects, wherein Marlar refuses to attempt to find the cause of said headaches and a cure. Marlar has left pltf with a catch-22 situation of continuing to take high dose meds he prescribes causing ref side effects and ultimately liver damage, or not take meds and suffer extreme pain. Defs' Mason & McCoy have been also notified thru offender Grievance procedure and refused to provide a remedy, exhibiting deliberate indifference. (N). Def Workman has denied pltf all outdoors/outside exercise accommodations since 11-10-09 (34 months and counting), and at times denied pltf indoor out-of-cell exercise, wherein is supposed to occur 5 days 1 hour a day, but is not. Pltf

37

alleges he suffers, muscle atrophy shrinkage, contributing to headaches, claustrophobia, pshychological disorders, anxiety attacks, etc., by being denied outdoor exercise & fresh air (DEC p 5L21-23, 29-32, p6L 5-6) constituting cruel & unusual punishment. Def's' Workman, Crenshaw, Jones, & Morton have all been notified of same and refused to provide a remedy exibiting deliberate indifference. (O). Upon pltf's arrival at OSP, DEF Dr. Sockey failed to screen pltf for dental health needs as required by ODOC policy and if done, Sockey would have learned of pltf's serious periodontal disease infection requiring treatment. On 1-27-10 pltf notified Sockey he had loose filling causing laceration of tongue and severe periodontal disease infection that was oozing out puss & blood, whereas no appointment was scheduled nor treatment given for over 1½ years. Only after said molar tooth filling broke on off and fell out and after several more weeks of continuing to suffer additional pain & bleeding due to lacerations did Sockey finally fix said tooth, but failed to treat the periodontal disease infection. Pltf had to wait until 2-29-12, which was 2 years and 1 month from giving his 1st notification ref above, until he was finally treated for periodontal infection which treatment consisted of a mere teeth cleaning, proving to be an inadequate measure. Def's Sockey, Jones, Morton, Mason, & McCoy have all been notified of the above and failed to properly or timely provide a remedy exibiting their deliberate indifference. (DEC p 4L 13-32, p5L 1-2). (P). Pltf notified DEF Compton as early as 6-18-11 that he was not a vegetarian nor ever had been, but yet Compton had pltf on receiving vegetarian food trays for approx one (1) year resulting in cruel & unusual punishment, etc. Def's Compton & Workman were notified thru offender grievance process but refused to provide a remedy exibiting deliberate indifference. (Q). Def's' Morgan & Evans knew or reasonably should have known that their failure to ensure OSP employees, ref hereinabove at (A)-(P), were in compliance to ODOC/OSP policies (OP's) would result in 8th Amendment const'l injury to pltf. If Def's' ensured compliance to OP's (seg measures, medical/ dental policies, etc.) pltf would not have been put in OU/HS where

38

most if not all said violations occurred, and/or said policies would have prevented violations/injuries. Defs' Morgan, Evans, Workman, Crenshaw, Jones, & Morton have all been notified of same thru Offender Grievance procedure and refused to provide a remedy thereby exibiting deliberate indifference. (R) Defs' Jones, Blevins, & Workman are subjecting pltf to cruel & unusual punishment by holding pltf at a max/supermax prison, whereas pltf's true classification status and that of other LLWOP traffickers with same sentencing are at medium security prisons. As with those and all other traffickers, pltf's Judgment & sentence does not direct him to be held at max/supermax but implies that of medium security as with the other similarly situated offenders. Defs' Jones, Blevins, Workman have all been notified of same thru offender Grievance procedure and failed to provide a remedy exibiting their deliberate indifference thereto (S). On several occasions starting on 11-01-10 pltf notified Workman that conditions of confinement he was experiencing at OSP was causing intentional emotional distress, wherein Workman has failed to provide a remedy. pltf alleges such conditions as cumulatively referenced herein this entire complaint are resulting in declines of pltf's mental health & functioning, extreme reactions such as hallicinations & delusions, negative pschological effects, anxiety, panic, loss of control, appetite & sleep disorders, paranoia, claustrophobia, conditions of which induce suicidal impulses. (DEC p 5L3-32, p6L 4-13, p 7L 21-31, p 9L1-6). Def Workman has refused to provide a remedy exibiting his deliberate indifference thereto.

G)(1) Count 7: ODoc/OSP Defs' committed and continue to commit acts, inactions, conduct and omissions against pltf constituting deprivations/violations of U.S. Constitution's 14th Amendment Due process clause, but not limited thereto.

(2) Supporting Facts: pltf alleges the following Defs', but not limited thereto, thru a meeting of minds conspired against pltf by creating/causing the following conditions of confinement

at OSP that impose an "atypical and significant hardship upon pltff in relation to the ordinary incidents of prison life," whereas triggers a due process review of pltff being transferred/held at OSP max/super max Facility and on AS/DU status. (DEC p 5 L 3-5, p6 L (1-13). pltff incorporates every previous hereinabove claim & sub-claim referenced as if fully incorporated herein this Count as applicable to establish the "atypical and significant hardship..." std ref above. As a prerequisite pltff identifies state/ooooclass regulations/policies[1] that establish pltff being held at OSP and on DU/AS is not merely in DOP's' discretion, which includes but not limited to, OP-060102 (M), OP-060211, OP-060103(M), OP-030102, especially OP-060215 and OP-040204. In addition to the ref & incorporated claims hereinabove, pltff further alleges: (A). on 11-06-09 pltff's orthopedic tennis shoes were seized at LARC w/out affording pltff notice, statement of reasons, opportunity to challenge said decision (no pre/post deprivation notice or hearing), no due process. Then once at OSP Def orman refused to mail out RTS to LARC thereby thwarting pltff's attempts at offender Grievance process as a remedy. on 11-13-09 pltff notified Workman thru RTS of needing a remedy to challenge the taking of his shoes, and on 12-14-09 workman was notified thru Grievance of same, no remedy provided. then on 1-16-10 Def orman refused to mail out Grievance appeal of same to ARA. (See Count 1 (2) at (AA) page 19 L-14). (B). Def R. Anderson initiated process of seizing pltff's funds hitting his OSP/ODOC account, to satisfy purported unpaid 25-30 year old probation fees w/out providing pltff adequate predeprivation Notice and meaningful hearing. (DEC p 9 L 17-29, p 10 L 12-17). on 12-17-09 pltff notified Workman of same matter thru Grievance and denied relief, and on 1-04-10 Def or man refused to mail out pltff's Grievance appeal of same to ARA. (See Count 1. (2) at (AA), p 19 L 15). (C). Def Anderson initiated process of seizing pltff's funds hitting his ODOC/OSP account to satisfy

purposted unpaid state case Filing fees, to which <u>no</u> state court orders exist directing plff to pay any such fees, w/out providing plff adequate predeprivation notice & meaningful hearing. (DEC p 9L29-31, p 10 L 1-4, 1h-18). Def <u>Wortman</u> was notified of same matter on 1-19-10 thru Grievance, provided no remedy, and on 2-12-10 Def <u>Orman</u> refused to mail plff's Grievance appeal to ARA, (see Count 1 (2) at (AA), p 19 L 15), (D). Def <u>Anderson</u> initiated process of seizing plff's funds hitting his ODOC OSP account purporting to satisfy $25,000. Fine in criminal case of CF-96-265 w/out adequate predeprivation notice & meaningful hearing and contrary to state/ODOC policy stating such would be paid upon plff's discharge. (DEC p 10 L 4-7, 1h-17). (E). Plff alleges against Defs' <u>Scott Pruitt</u> and/or <u>Drew Edmondson</u>, that OKla's Title 57 O.S. § 566.1 & 63 O.S. § 2-415 statutes are unconst'l, those of which also Def <u>Anderson</u> purports utilizing to assist him in seizing plff's funds as ref in (B)-(D) above. (see DEC p 10 L (8-32, p 11 L 1-26). (F). OSP <u>Defs</u> have refused to calculate Good Conduct Credits that plff is mandatorily entitled to since his arrival at OSP, Def <u>Wortman</u> was notified of said matter thru Grievance process on 3-15-10 & 1-16-11, provided no remedy, and on 4-15-10 & 3-07-11 Def <u>or man</u> refused to mail Grievance Appeals to ARA. (See Count 1 (2) at (AN), p L 15-16). (G). Plff alleges a conspir-acy exists in that Defs' <u>Jones, Blevins, Wortman</u>, and other ODOC/ OSP <u>Defs'</u>, thru a meeting of minds, violated plff's const'l rights, especially due process, by punishing plff in OU punish-ment cell (11-10 until to 11-30-09) <u>before</u> being charged with any offense or provided with any meaningful hearing until over 11 months later. plff notified <u>Wortman</u> thru RTS's & Grievances on 5-28-10, 6-29-10, 7-08-10, & 8-04-10, provided no remedy, and <u>Jones & Wortman</u> were notified of same thru Grievance appeals on 7-08-10 & 8-11-10, no remedy provided. (DEC p 6 L 14-31, p 7 L 1-6). (H). On 11-30-10 & 11-08-10 plff notified <u>Wortman</u> thru offender Grievance

41

procedure that OSP Disciplinary officer D. Cantrell had returned to sender exculpatory evidence (Certificate of Release issued pltf from LCF) intended to be used in Disciplinary proceeding of Escape from LCF, whereas Workman provided no remedy. (DEC p 7 L 7-11). Def Orman refused to mail pltf's Grievance appeal to ARA of same. (See Count 1 (2) at (H) p L 16-17), (I.) On 2-16-11 pltf notified Workman & Crenshaw that OSP Disciplinary hearing officer had issued a finding of guilt wlout allowing pltf to offer witnesses or witness statements in lieu thereof, and that pltf possessing Declarations signed by other inmates for use in herein lawsuit was not an offense, nor were said Declarations legal materials of any other inmate, whereas Workman & Crenshaw provided no remedy, and Def Jones & Morton were notified of same on 3-21-11 and provided no remedy. (DEC p 7 L 27-31, p 8 L 1-20). (J.) On 5-27-10 & 6-29-10 Def M. Green refused to provide pltf access to ODOC policy OP-040104 " Segregation Measures" thereby thwarting pltf's attempts to challenge his confinement at OSP DU/As. On 6-15-10 & 7-22-10 pltf notified Workman thru Grievance procedure and on 6-29-10 & 9-13-10 pltf notified Jones & Morton of same, neither Def provided a remedy. (K.) On 5-27-10 & 8-03-10 pltf notified Workman of needing to access " Segregation Housing Order" thru RTs, and on 6-29-10 & 8-04-10 thru Grievance, whereas Workman refused to provide, thereby thwarting pltf's attempts to challenge his confinement at OSP DU/As. Pltf notified Jones & Workman of same thru Grievance appeal on 7-13-10 & 8-11-10 and was provided no remedy. (L.) Pltf alleges Def's Jones, Blevins, Workman, but not limited to, acted in concert thru a meeting of minds in placing pltf in OSP AS wlout affording him a Notice of AS hearing or other meaningful hearing to challenge said placement, denying due process. (DEC p6 L 14-31, p 7 L 1-6). (M.) Pltf alleges Def D. Miller deprived pltf of due process in October/Nov 2010, by having pltf served a misconduct report (write-up) of Escape and/or upheld a finding of Guilt of same, after Def knew full well

42

pltf had already been disciplinary punished in OSP's DU/AS over 11 months before pltf had been even served said misconduct. <u>Def</u> also refused to allow pltf witnesses or witness statements in lieu thereof in his behalf, or to allow exculpatory evidence of Certificate of Discharge issued him From LCF on 10-05-09 authorizing his release/leave/departure From LCF. Moreover, <u>Def</u> upheld said Finding knowing the 2nd hand hearsay description of incident report as only evidence did not constitute "Some evidence" to support such a Finding. (DEC p 7 L3-28). Pltf also alleges a conspiracy between Def <u>Miller, Jones, Blevins, and R. Roberts,</u> acting thru a meeting of minds in the making sure pltf was not only served said misconduct, but also Found guilty thereof using non-neutral arbiter, etc. Def <u>Miller</u> also Failed to properly train or Supervise Def Roberts as a disciplinary hearing officer to properly be able to adjudicate said misconduct offense as is ref hereto above and at (N) below. <u>(N)</u>, pltf alleges Def <u>R. Roberts</u> deprived him of due process in Oct 2010 as acting LCF Disciplinary hearing officer as ref above in (M), as <u>Roberts</u> knew Full well pltf had already been disciplinary punished in OSP's DU/AS over 11 months before pltf had been even served said misconduct, <u>Def</u> also refused to allow pltf witnesses or witness statements in lieu thereof in his behalf, or to allow exculpatory evidence of Certificate of Discharge issued him From LCF. Moreover, <u>Def</u> entered Finding of Guilt knowing the 2nd hand hearsay description of incident report as being the only evidence did not constitute "Some evidence" to support such a Finding. (DEC p 6 L 14-17, p 7 L3-28). Pltf also alleges a conspiracy between Def <u>Roberts, Miller, Jones, and/or Blevins</u> acting thru a meeting of minds by making sure Def <u>Roberts</u> Found pltf guilty of said write-up as a non-neutral arbiter.

2)   I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☒ No ☐ . If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought. According to Jones v. Bock 549 US 199, 127 Sct. 910 (2007), prisoners are no longer required to plead exhaustion of prison remedies in their complaints due to being affirmative defense, and that judicial screening requiring total exhaustion is no longer permitted under PLRA. The herein complaint form is a pre-Jones v. Bock. Neverthekssplff utilized OP0C/OSP offender grievance procedure OP-090124 & Disciplinary procedure OP-060125 in exhausting his informal attempt, RTS, Grievance, Grievance appeal -s to each claim

E. REQUEST FOR RELIEF he presents herein this complaint to best of his knowledge.

1)   I believe that I am entitled to the following relief: Prospective Relief in Form of accompanying motion for Injunction, and compensatory relief of over $10,000 from each Def except Anderson & Pruitt. Punitive damages of over $10,000 from each Def except Anderson & Pruitt. That Def Anderson cease & desist efforts at collecting Fees, Fines, etc., ref above, not authorizing him to so collect. That Def Pruitt cease & desist from allowing anyone under his direction & control, etc., from utilizing 57 O.S. §566.1 to collect settlements, awards, etc., as ref above from pltf, and declare §566.1 and 63 O.S. §2-415 Fine provision unconstil due to references made above. If applicable, and compensatory damages are unavailable, then pltf requests presumed damages or addition thereto. To include costs, fees of filing, photocopies, notary services, envelopes, postage, etc., and attorney Fees if later acquired and any other relief

_____
Signature of Attorney (if any)

this court deems appropriate.

N/A

_____
(Attorney's full address and
telephone number.)

_____
Signature of Petitioner      5-02-12

Richard L. Dopp #126054
OSP  HSE7
P.O. Box 97
McAlester, OK 74501

44

## DECLARATION UNDER PENALTY OF PERJURY

      **The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct.    28 U.S.C. § 1746.  18 U.S.C. § 1621.**

Executed at   Oklahoma State Penitentiary (OSP)   on   5-02  , 2012.

                 *(Location)*                                        *(Date)*

      McAlester, OK, Pittsburg County

                                      *(Signature)*

                       Richard L. Dopp

45.

Declaration:

1    I, Richard L. Dopp, of legal age and sound mind, competent to
2    testify to said matters herein, hereby state, attest, and declare that
3    I am the Plaintiff (Pltf) and the following is true and correct;
4         Upon my initial arrival at OSP on 11-10-09, I was marched
5    ¼ mile to H-unit in leg cuff restraints causing severe lingering
6    pain & suffering to my previously injured right ankle containing 6-8"
7    inch titanium metal strip, 11-13 screws, 3 roll pins. Afterward, Pltf
8    immediately notified R. Workman thru RTS of said fragile leg-
9    ankle injury and that unnecessary leg cuff restraints would result
10   in further injury. Pltf also notified Workman of no lighting in
11   DU cell he was placed upon said date, wherein resulted in Pltf
12   sustaining irreparable eye injury wherein his eyes zip back-and-
13   forth at times involuntarily, uncontrollably, and infrequently, can't
14   focus on one object adequately, things appear to be flying around in
15   the air causing hallucinogenic disturbances, hard to read anything, and
16   as you can see effects his writing as well, due to Pltf having to
17   strain his eyes to see in unlighted cell for 3½ days. Pltf was
18   examined by OSP eye Dr. Miller and was advised he had macular
19   degeneration, a term he said us eye doctors use when we don't
20   know what the hell is wrong. Dr. Miller advises there was nothing
21   he could do but maybe an eye specialist could help, but his
22   boss, C. Mason, would never approve it. Which proved to be
23   true as once Pltf notified Mason of needing to see by eye
24   specialist, Mason, as well as G. McCoy, refused such a remedy.
25        Due to Workman's law library (L/L) policy of requiring Pltf to
26   wear leg cuff restraints for 7 hours each visit, and not allowing
27   Pltf to use restroom unless returned to cell and not resume L/L
28   visit, Pltf has suffered extended and ongoing severe pain & suffering
29   to his right ankle, and severe discomfort due to having to hold
30   urine while suffering enlarged prostate condition. It is also
31   note worthy that while in L/L Pltf is solitary confined inside

1

1 a fully enclosed locked cage and has his wrist cuffs removed, but not
2 the leg cuffs. Due to Workman's policy, Pltf is required to wear
3 leg cuffs while showering inside a locked enclosed area which resulted
4 in Pltf falling and sustaining a severe hip/ankle injury causing severe
5 pain & suffering for several months. In attempts to deter further
6 injury to ankle, Pltf signed a medical waiver for Sgt. Nicholson
7 declining to march up-the-hill in leg cuffs ½ mile round trip to see
8 Dr. Miller. Subsequently, Sgt Nicholson refused to allow Pltf to sign
9 a waiver, saying he got in trouble for doing that last time and that
10 Pltf was going up-the-hill whether he wanted to or not and gave Pltf
11 a direct order to cuff up and then marched Pltf up-the-hill and
12 back. This also caused injury and severe pain & suffering for several
13 weeks. Defs Workman, Crenshaw, and Maclac keep passing buck
14 and blame back & forth as to who's at fault on this leg cuff
15 restraint issue, meanwhile Pltf continues to be injured and suffer
16 unnecessary pain and disability of the use of his leg as a result.
17     During Pltf's entire stay at OSP, Dr. Osman acting in concert
18 with and/or with R. Workman & T. Crenshaw's blessings, has
19 implemented an unwritten policy/custom of bypassing ODOC/OSP
20 governing policies (from affording free postage for two, one ounce
21 letters a week, privileged or non-privileged mailings) to affording
22 only two free postcards a week due to Pltf's indigent status.
23 Pltf's case managers have advised him that he is entitled to both,
24 postcards & letters each week, but Osman is forcing Pltf to make
25 a Hobson's choice, either send out two privileged letter-mailings (or)
26 two postcards, not both. This has directly resulted in Pltf not
27 being able to send any non-privileged letter mailings, (outside of
28 postcards), order forms, affidavits, power of attorney, visiting forms, etc.,
29 to clergy, ministries, churches, media, newspapers, publishers, vendors,
30 family & friends, etc., even at times legislative members, governor,
31 and ODOC BAA. When T. Crenshaw 1st retaliated against Pltf
32 for filing grievances by putting him on grievance restriction,

47

1 said act caused pltf to have to attach an additional multiple page
2 affidavit to said Grievances/Grievance Appeals resulting in 5 or
3 more pages to which Dr Orman refused to mail even pursuant to
4 privileged mail. Dr Orman claims they are weighing over 1 ounce,
5 yet T. Crenshaw asserts 6 pages would be mailed pursuant to
6 Indigent status. Then Dr Morton retaliated by upholding and
7 putting Further Grievance restrictions upon pltf, and Fueling Fire by
8 misconstruing ODOC policy OP-090124 and contrary to state law Title
9 12 O.S. §426, demanding pltf Notarize each page of a single
10 affidavit that had multi-pages. This has resulted in pltf being
11 indebted at OSP For 6-7 dollars to File 1st stage Grievance
12 and 6-7 more dollars to File 2nd stage Grievance/Grievance
13 Appeal, all intended as retaliation and to deter pltf From
14 pursuing his const'l right to petition Government For redress
15 of Grievances.
16   Pltf's sincere held religious beliefs are of Messianic/charism-
17 atic/Pentecostal based upon the Holy Bible and/or what pltf
18 believes to be the inspired word of God. The tenents of which
19 require group congregation (church) services For Fellowship, worship,
20 laying of hands, exercising gifts of Holy Spirit, communal partaking of
21 elements (bread/wine), communal group participation of 7th day Sabbath
22 (Fri sunset — Sat sunset), passover, Feast of unleavened bread, pentecost,
23 Feast of Trumpets, Day of Atonement, Feast of Tabernacles, The 8th
24 Day, but Not limited thereto. Such also requires continual consistent
25 study of said tenents thru Bibles, books/literature/concordances/
26 Dictionaries, and other religious materials, as well as correspondence
27 and/or visits with clergy, pastors, ministries, churches, vendors,
28 book stores, publishers, etc. Pltf's ability to practice these
29 sincerely held beliefs have not been just merely diminished,
30 but For the most part completely denied altogether. More-
31 over, pltf's beliefs are being infringed upon & burdened by
32 ODOC/OSP Def's Forcing him to observe their ritualistic

3.

1  practice of executing Death penalty inmates, a ritual that only
2  occurs at OSP out of all Okla prisons, and within brick throwing
3  distance of Pltf. Very much contrary to Pltf's religious belief
4  Forbidding such practice, especially when a former school mate, Gary
5  R. Welch, was executed in January 2010, to which Pltf while doing
6  volunteer laymen activity evangelized Welch at Ottawa County Jail
7  in 1995-96 well before Pltf's incarceration. OSP Defs' mandatory
8  ritual exhibited on each execution date is to refuse Pltf all
9  out-of-cell exercise, no 4/4 access physical or runner system, cold
10 sack lunches instead of trays being served, no showers, etc., thereby
11 making sure Pltf is well aware of each sadomasochistic execution
12 being performed while Pltf is confined merely steps away.
13     Upon Pltf's arrival at OSP, OSP Dentist (Dr. Sockey) is
14 required by law to screen Pltf to determine if he has dental
15 needs, whereas Sockey failed to do. As a result Pltf's periodontal
16 disease infection was left untreated, whereas even if Sockey would have
17 cursorily reviewed Pltf's dental records said condition was reflected.
18 Pltf notified Sockey of a loose molar tooth filling and the period-
19 ontal disease infection and that said conditions were causing blood &
20 puss to ooze out in infected areas and lacerations of surrounding
21 area of loose tooth filling, whereas Pltf was merely advised of
22 being put on a waiting list to see Dentist. Meanwhile, over 1½
23 years expired w/out treatment and conditions worsening and
24 finally the tooth filling broke off and fell out compounding more
25 sharpness and lacerations to tongue and surrounding soft tissue,
26 causing additional pain; infectious swelling, more puss & blood
27 continues to ooze out of infected areas, After several more weeks
28 of Emergency requests being submitted Dr. Sockey finally replaced the
29 tooth filling, but never treated Pltf's periodontal infection teeth &
30 gums, instead stated Pltf would continue to be on waiting list.
31 Finally on 2-29-12, over 2 years since Sockey was 1st notified
32 of Pltf's serious condition, Pltf was afforded a mere teeth

4.

1 cleaning, which has accomplished little, if anything, to treat or curtail
2 pltf's periodontal disease infection.
3     Pltf is being confined at OSP max/supermax prison inside
4 a single solitary confined cell for 23-24 hours a day 7 days a
5 week (except on 4 visits), being fed and applied hand/leg cuffs
6 thru a small square opening called a Bean-hole which is closed &
7 locked except during feeding times. The cell door is encased in
8 additional metal enveloping it and a metal angle iron strip bolted
9 to floor in front of door for a seal purposely intended to discourage
10 all talking to people whether they be other inmates, nurses, C/o's,
11 etc. In winter time the heat is little to none, and in summer
12 the A/c is little to none causing unbearable conditions as there
13 is no way to remedy situation. There is no window, artificially
14 lighted by single bulb, no fresh air, and no mirror. The sleeping
15 apparatus consists of cold concrete slab extended from floor and a
16 3" thick mattress, no pillow. Laundry service usually averages
17 once a week and comes back dirty as it left if it comes back
18 at all. No T.V., No Fan, No Radio, No regular-leisure library
19 access, showers only 3 times a week if your lucky, and No
20 separate cold & hot buttons usually ice cold in winter and scalding hot
21 in summer. There is no outside exercise, no fresh air, no unhinder-
22 ed sunlight, no outside view of any thing (never see a tree, grass,
23 etc.). Food served is very small in quantity and on old trays
24 that plastic is bubbling up and peeling off that traps cleaning
25 solvents, old contaminated food underneath and also mixes with
26 food, plastic and all with occasional Ants, where also food comes
27 from 1/4 mile up-the-hill and is congealed and cold most of time.
28 No jobs, no programs, nothing made available to occupy one's
29 time. Pltf may be allowed to exercise in a concrete enclosed
30 area for what is supposed to be 1 hour 5 days a week but any
31 little excuse will cut that off, and there is no Heat or A/c in
32 this area and no coat provided in winter time conditions.

1  The OSP 4/c clerks and c/o Supervisors) advise that they are unaware of
2  anyone who has received parole or commutation from OSP (H-unit)
3  wherein such placement alone deters any Pardon & parole relief.
4  Neighboring inmates consistently throw feces, urine, all over
5  outside of cells and in the cells' vents causing circulation of
6  that horrendous smell, and flood entire run area floor and other
7  cells with feces, urine stool water. Said inmates also beat on
8  cell doors with feet and fists all times of day and night
9  causing horrific nerve rattling noise. Cleaning supplies to clean
10 cells are virtually nonexistent. When cell searches are initiated
11 at any time day or night pltf can expect to have all his property,
12 legal papers, etc, dumped on floor and mixed up and even confiscated
13 intentionally and deliberately.
14     Pltf was put in DU punishment cell upon arrival at OSP on
15 11-10-09 without being charged with any disciplinary violation, nor
16 given notice of reason, or given opportunity to be heard to challenge
17 said placement. On 12-01-09 pltf was taken out of DU cell and
18 put in AS cell with other inmate without any hearing or opportun-
19 ity to challenge said placement. After refusing to provide K. Johnson
20 with additional self-incriminating info and become informant upon
21 others, pltf was placed back in DU punishment cell on 12-21-09
22 without being served or notified of any disciplinary violation. On
23 12-30-09 pltf was put in another AS (solitary celled) without
24 a hearing or opportunity to challenge said placement. A case manager
25 has came around to pltf's cell every month or so and demanded
26 pltf sign a form titled "Segregation Review" that is basically
27 rubber stamped by OSP unit classification team where each
28 inmates form says exactly same thing on it, wherein no
29 inmate is afforded opportunity to physically appear before the
30 committee or provide any input whatsoever. Pltf was not
31 advised of nor allowed to physically participate at what OSP

1 refers to as a Segregation Hearing until January 2011, well over one
2 (1) year after pltf was placed in Administrative Segregation.
3 Although pltf was Disciplinary punished in DU for 32 days from
4 11-10-09 (in-out-in) to 12-30-09, pltf was not served any
5 Disciplinary misconduct offense Report until well over (11) months
6 later on 10-21-10 alleging pltf escaped from LCF.
7    Pltf was given a Disciplinary hearing by telephone to LCF and
8 denied to call witnesses in his behalf or submit witness statements
9 in lieu thereof. Pltf was denied to submit Certificate of Release
10 (COR) issued him from LCF authorizing his Release from LCF
11 constituting exculpatory evidence. The only purported evidence relied
12 upon for a finding of guilt was an uncorroborated description of
13 incident on the offense report written by someone who had no personal
14 knowledge of said incident, whereas is double hand hearsay and does
15 not qualify as "some evidence". Pltf did not escape as such
16 term is defined as unauthorized leave or departure to which pltf
17 had authorization to leave/depart LCF by the COR. Moreover, pltf
18 had no knowledge on 10-05-09 or 11-06-09 as to whether his
19 release from LCF was unlawful or not. When pltf submitted
20 his misconduct appeal by envelope addressed to LCF Reviewing
21 Authority, D. Miller, OSP's D. Ocman refused to send it due
22 to pltf's indigent status. Pltf attempted to obtain a remedy
23 to mail such thru R. Workman, T. Crenshaw, J. Jones, & D.
24 Morton, and was not provided any adequate remedy to do so,
25 wherein obviously resulted in LCF not receiving said misconduct
26 appeal. Pltf's entire placement at OSP is based upon this
27 above referenced denial of due process, and pltf being held on
28 AS indefinitely without any method available to redeem himself.
29    In January 2011, pltf had prepared his orig Complaint filed
30 in CIV-11-306 D and later in herein case reflecting OSP Unit
31 manager (U/M) T. Davis' name on page 11 line 17. Pltf had

7.

1 also acquired two (2) Declarations from inmates Bill Cathey & Mitchell
2 Shults to assist in efforts to establish his claims against D.
3 Orman & Sgt. McManus. When pltff submitted these documents
4 to OSP 4/c supervisor they were read and taken to U/M Davis
5 due to his name being on page 11 of Complaint. As retaliation for
6 including J. Davis' name in said complaint, J. Davis directed 4/c
7 Supervisor to confiscate the two Declarations and serve pltff a
8 misconduct for possessing another inmate's legal materials of which
9 was Dec signed by Bill Cathey. Def Davis acts were incorporated
10 with intent to deter pltff from filing said lawsuit and involving
11 Davis. therein. The confiscation and refusal to return both Dec's
12 to pltff has interfered with pltff's ability to establish his herein
13 suit's claims against Orman & McManus but not limited to. pltff
14 felt threatened and therefore deleted J. Davis name from his amended
15 complaint and deferred to include him as a defendant until
16 Davis was no longer H-Unit manager and advised he possibly
17 would no longer be ever, diminishing the superior threat of having
18 power & authority over pltff to continue further retaliation. Pltff has
19 also been denied due process in his attempts to challenge this
20 referenced disciplinary proceeding.
21    Pltff has and is now suffering severe emotional distress intent-
22 ionally inflicted upon him by ODOC/OSP Defs due to a result of
23 deprivations and violations alleged herein, above, and in the accomp-
24 anying complaint. these prolonged periods of such horrible emotion-
25 ally distressing conditions of confinement are causing ill effects
26 of those commonly associated with solitary confinement; idleness,
27 squalor, breakouts of skin rash & fungus, gut wrenching upset stomach &
28 nausea, ulcers, migraine headaches, declines in mental functioning,
29 extreme reactions such as hallucinations and delusions (negative
30 psychological effects of anxiety, panic, rage, loss of control, appetite
31 & sleep disorders, paranoia, claustrophobia, severe constipation,

1 hair loss, manic depression, deterioration/degeneration of pltf's overall
2 health mentally & physically, even suicidal thoughts. Some of these
3 same exact conditions of confinement complained by pltf were listed in
4 suicide notes or reasons why Adam Wright & James Thomas (celled
5 right above pltf) (committed double suicide in Nov 2011 in same exact
6 HSE7 side Quad as pltf resides.

7      In December 2011, ODoc 1A Def <u>Hert</u> interrogated pltf about
8 suicide victims ref above and instead of wanting info as to possibly
9 why said inmates hung themselves, <u>Hert</u> wanted pltf to become an
10 informant by advising him how and who delivered certain unlawful
11 contraband to one of said suicide victims, When pltf refused to
12 become <u>Hert's</u> informant, <u>Hert</u> became infuriated and whisked
13 pltf out from his presence with threatening comments & looks. In
14 retaliation for not becoming such informant, Def <u>Hert</u> had pltf
15 served another Disciplinary misconduct offense report on 2-10-12
16 alleging pltf sent him a letter "through the system as legal mail."
17      Shortly after pltf arrived at OSP, he received a settlement check of
18 $1000. From CIV-06-842D, where in <u>R. Anderson</u> immediately started
19 arbitrary process purportedly pursuant to Title 57 O.S. S 566.1 to seize
20 pltf's funds. Around Dec 2008, <u>Anderson</u> set in motion acts to
21 collect our 25 & 30 year old probation fees pltf had previously sat-
22 isfied in full, and are now expunged or void on their face. If
23 ODoc intended to charge pltf additional fees they failed to do so
24 in accordance with governing statutes and the 19th cases of
25 CRF-82-16 & CRF-82-74 are expunged cases. As to CRF-86-43 &
26 CRF-86-86A, pltf discharged these in 1991, and said probation as
27 well as the JTS's of same are "void" on their face due
28 to pltf being ineligible to receive any probation due to having
29 prior deferred sentence. Around January 2010 <u>Anderson</u> set in
30 motion series of acts to collect purported state case filing
31 fees from pltf of, but not limited to Ottawa County #'s

1 SC-99-219, CU-99-288, CJ-00-105, CJ-00-565, CJ-01-04, CJ-01-462, CU-02-
2 468, CU-03-129, CJ-03-257, CJ-09-230, CF-96-265, Beckham County
3 CJ-00-82, Comanche County SC-00-1896, From pltf to which no orders
4 exist from those courts directing pltf to pay any Fees. During
5 same period of time, Anderson set in motion series of acts to
6 collect a $25,000. Fine from pltf in CF-96-265 contrary to ooc/state
7 governing policies wherein are to be collected upon pltf's discharge.
8 On 3-01-11, Anderson set in motion series of acts to seize $139.
9 From pltf From ottawa/Delaware County as reimbursement From same
10 seized from his wallet on 5-08-96 in CF-96-265, two years
11 before pltf's incarceration, wherein constitutes interests vested in
12 pltf before his incarceration. In accomplishing above ref acts, Def
13 Anderson Failed to give pltf an adequate predeprivation notice &
14 meaningful hearing as to each instance as any such hearing purp-
15 ported to have been given pltf was presided over a biased, prejud-
16 icial, and unneutral arbiter, Ron Anderson himself, one and same
17 as whom prosecuted each action, thereby violating due process
18   The two (2) main authorities utilized in above ref actions
19 are Title 57 O.S.§ 566.1 & 63 O.S. 52-415 wherein pltf alleges
20 both statutes are unconst.l and why Drew Edmondson (Scott
21 Pruitt are named as Def's. Title 57 O.S. §566.1 is unconst.l
22 because it does not incorporate and adequate predeprivation
23 Notice and meaningful hearing required by due process For example,
24 pltf was awarded funds in ref cases due to no adequate pre-
25 deprivation Notice & meaningful hearing being afforded him in the
26 former cases, but due to §566.1 pltf is being deprived of exact
27 same funds again because §566.1 lacks adequate predeprivation
28 Notice & meaningful hearing. If & when the state/ooc does
29 decide to give a Notice, no formal meaningful hearing is
30 provided pltf, instead the same person providing the notice and
31 prosecuting act of seizure (Ron Anderson) is also same one
32 who presides over hearing. Moreover §566.1 is unconst.l

10.

1   by usurping authority or right to subrogation over any previous debt/
2   creditors incurred by pltff who would as normally required by law,
3   have right of 1st subrogation. Furthermore, §566.1 is unconst.d
4   because it involves taking of pltff's monetary settlements/awards
5   that arose from property interests vested before his incarceration,
6   wherein said statute's construction is equivalent to working a
7   forfeiture and violation of due process under 14th Amend and
8   Okla Art 2§6 & 2§7 and Title 21 O.S.§6○. And §566.1 is
9   arbitrary because it discriminates against pltff, wherein free
10  world unincarcerated persons who have incurred debt with state,
11  when receiving similar settlements/awards are not required -
12  forced subrogation over principal creditors.
13          Title 63 O.S. §2-415 trafficking statute is likewise uncon-
14  st.l as the mandatory criminal fine provision is not being
15  applied evenly to all similarly situated trafficking offenders across
16  the board. Pltff was sentenced to pay $25,000. fine as is purp-
17  ortedly required of every trafficking offender as the minimum
18  amount. However, other similarly situated sentenced under the
19  same statute throughout state, are not being sentenced to a
20  fine, or if so, fine is under $25,000, whereas reflects Defs
21  Pruitt/Edmondson enforcement of §2-415 discriminatory
22  against pltff. The 5th/14th Amend requires Defs' to apply
23  §2-415 equally across the board to each trafficking offender and
24  by not doing so has resulted in discrimination against pltff
25  by choosing/picking him out arbitrarily and sentencing him to a
26  fine, but then not fine the other similarly situated offenders.

Wh L. Dopp 5-02-12
Richard L. Dopp

11.

Declaration under penalty of perjury

The undersigned declares (or certifies, verifies, or states) under penalty of perjury, of age and sound mind, competent to testify to said matters, states that he has read the hereinabove Declaration and information contained therein is true and correct. 28 U.S.C § 1746, 18 U.S.C. § 1621

Executed at okla. State penitentiary (OSP) on 5-02 , 2012
McAlester, OK

Richard L Dopp