IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-11-1495-D |
| v. | ) | |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and currently confined at Oklahoma State
Penitentiary ("OSP") in McAlester, Oklahoma, brings this civil rights action pursuant to 42
U.S.C. § 1983.   Plaintiff alleges various constitutionally-based deprivations and names 26
Defendants in his Second Amended Complaint filed May 3, 2012. All of the Defendants are
Oklahoma Department of Corrections ("DOC") officials or OSP officials.  The matter has
been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28
U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the action be
dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim
upon which relief may be granted.

Because Plaintiff's original 82-page Complaint filed December 21, 2011, did not
comply with Fed.R.Civ.P. 8, Plaintiff was ordered to file an amended complaint. Docs. # 1,
8.  Because his 83-page Amended Complaint filed February 14, 2012, which was

accompanied by an 11-page Brief in Support, suffered from the same deficiencies under Rule 8 as the original Complaint, Plaintiff was directed to file a second amended complaint. Docs. # 14, 16.  Plaintiff has now filed a 21-page Second Amended Complaint accompanied by an 11-page Brief in Support. Docs. # 19, 20.  Plaintiff has also filed "Plaintiff's Amended Motion for Preliminary Injunction and/or Temporary Restraining Order and Brief in Support." Doc. #  21.

I. Background

Plaintiff is serving a sentence of life imprisonment without parole entered on May 27, 1998, in the District Court of Ottawa County, Oklahoma, Case No. CRF-96-265, for his conviction of the offense of Trafficking in Marijuana After Former Conviction of Two or More Felonies. Dopp v. Loring, 245 Fed.Appx. 842, 844, 2007 WL 245683, * 1 910th Cir. Aug. 30, 2007)(unpublished order); Dopp v. Ward, 198 Fed.Appx. 791, 792, 2006 WL 3190270, * 1 (10th Cir. Nov. 6, 2006)(unpublished order).  Plaintiff has been incarcerated on multiple occasions beginning in 1982 mostly for drug-related convictions, and he began serving his sentence for the Trafficking conviction in September 1998. http://doc.state.ok.us/offenders/offenders.htm (Offender look-up last accessed May 8, 2012). He is a prolific litigant in this and other courts, and he has accumulated three or more "strikes" pursuant to 28 U.S.C. § 1915(g).

On October 7, 2010, Plaintiff was charged with the institutional misconduct of Escape. Doc. # 21, att. 1, at 25.  The reporting official, Mr. Manuel, described the incident resulting in the misconduct charge:

> Prior to and then on the date of November 5, 2010 [sic] and as admitted to during an [internal affairs] investigation, offender Dopp did provide a fraudulent "Modified Judgment and Sentence" that resulted in the offender being released from custody via the fraudulent document.   The offender was apprehended and returned to custody on 11-6-2009.

Doc. # 21, att. 1, at 25.  Plaintiff was given a copy of the written charge on October 21, 2010, and he requested a hearing on the misconduct charge.   Although the copy of the disciplinary hearing report provided by Plaintiff is illegible, Doc. # 21, att. 1, at 26, Plaintiff states that he was found guilty of the misconduct charge of Escape at a hearing conducted on October 25, 2010, and that the punishment imposed included 30 days in the disciplinary unit and the forfeiture of 365 earned credits.[1] Doc. # 21, att. 1, at 33.  Plaintiff unsuccessfully appealed the misconduct conviction. Doc. # 21, att. 1, at 33-35.

## II. Plaintiff's Claims

In count one, Plaintiff alleges that he submitted an informal Request to Staff form to OSP official T. Davis on November 13, 2009, to complain that he was being deprived of his Bible, was "unable to practice his Christian religion," was "denied physical access to Law Library," and that the "case runner system" was unconstitutional as it interfered with and delayed his ability to challenge the conditions of his confinement in the disciplinary unit of OSP.   Plaintiff alleges he submitted a grievance concerning these issues to Defendant Workman on December 3, 2009.  Plaintiff alleges that the grievance was denied and that on

---

[1]Because Plaintiff is serving a life-without-parole sentence, he is not entitled to earned credits to reduce this sentence.

December 23, 2009, Defendant D. Orman refused to send Plaintiff's grievance appeal to DOC's administrative review authority ("ARA"), "thereby violating [his] right to petition Government (Gov't) for redress of Grievances." Second Amended Complaint, at 8. Plaintiff alleges that on November 18, 2009, he submitted an emergency grievance to Defendant Workman complaining that he was being denied his Bible, denied physical access to the Law Library, and that the "runner system" was unconstitutionally delaying and interfering with his ability to challenge the conditions of his confinement in the disciplinary unit and his incarceration. Plaintiff alleges that the grievance was denied and that Defendant Orman refused to send his appeal to the ARA, "thereby interfering with [his] right to pet[ition] Gov't for redress of grievances." Id. Plaintiff alleges that he obtained a Bible but that "all" of Plaintiff's Bibles and religious materials were confiscated by Defendant K. Johnson on December 21, 2009, in violation of his right to practice his religion. Plaintiff alleges Defendant Johnson also seized all of Plaintiff's "legal materials & confidential correspondence from attorneys/courts," thereby interfering with and delaying Plaintiff's ability to challenge the conditions of his confinement and incarceration. Plaintiff alleges some of these documents were never returned and some were read and photocopied by Johnson and "coconspirator IA Defs." Plaintiff alleges that he submitted an emergency grievance on January 4, 2010, to Defendant Workman concerning Defendant Johnson's seizure of his materials, but the grievance was denied. Plaintiff alleges an emergency grievance appeal submitted to Defendants Jones and Morton on January 13, 2010, was denied.

4

Plaintiff further alleges in count one that Defendant Orman refused to send out Plaintiff's legal mail and non-legal mail due to Plaintiff's status as an indigent inmate "and instead maintains [Plaintiff] can only send out postcards." Second Amended Complaint, at 9. Plaintiff alleges that he submitted an emergency grievance to Defendant Workman concerning this issue on January 14, 2010, but the grievance was denied. Plaintiff alleges that on February 22, 2010, Defendant Orman refused to send Plaintiff's emergency grievance appeal to the ARA "due to indigent status, thereby interfering with right to pet[ition] Gov't for redress of grievances." Id.

Plaintiff continues in count one to allege a multitude of alleged mistreatments by numerous OSP and DOC officials on an almost daily basis over the last two years involving incoming and outgoing mail, the handling of grievances, retaliation, and religious-based claims. The allegations in count one alone span 12 pages of the handwritten, single-spaced Second Amended Complaint. In count two, Plaintiff sets forth five pages of handwritten, single-spaced allegations of religious-based claims, claims involving the handling of his mail, the handling of his grievances, and retaliation claims. There are no dates included in these alleged incidents. In count three, Plaintiff alleges that 11 "Defendants" collectively violated his rights under 42 U.S.C. § 1985 and § 1986 and conspired to violate his rights under these statutes because "Defs knew or reasonably should have known that [Plaintiff] highly regards his Christian religion class and the right to continue practicing it." He also alleges equal protection violations and "retaliatory punishment" because he was transferred to OSP instead of a medium security prison. Second Amended Complaint, at 6. He sets forth two pages of

5

allegations in support of this claim.  In count four, Plaintiff alleges a Fourth Amendment violation based on alleged events which occurred on November 6, 2009, when Plaintiff was arrested and returned to custody after his brief release from prison based on the aforementioned fraudulent judgment and sentence provided by Plaintiff.  The gist of this claim is that he was arrested in his Mother's residence without a warrant, not advised of his Miranda rights, and not provided a probable cause determination, and therefore the arrest was unlawful.  He also alleges that excessive force was used when the handcuffs were placed on him behind his back.  He does not allege any injury as a result of the use of handcuffs.

In count five, Plaintiff alleges that his due process rights were violated because he was compelled to incriminate himself in December 2009 during the investigation of his escape by DOC officials.  In another claim in count five, Plaintiff alleges that Defendants Jones, Blevins, Maddox, and Knight should be liable to him for their "Failure to Uphold and/or Breach of Contractual Agreement/Fraud/Undue Influence."  The gist of this claim is that these Defendants entered into a contractual agreement with Plaintiff that he would not be prosecuted or subjected to disciplinary proceedings with respect to his escape from DOC custody on October 5, 2009, and would be returned to a medium security prison.  Second Amended Complaint, at 29.  Plaintiff also alleges equal protection violations concerning at least seven circumstances involving other "similarly situated" inmates at OSP being given food supplements, better shoes, the receipt of "Christian books from outside bookstores/vendors/publishers, etc.," being allowed to use the telephone, and being confined in medium security prisons.  Plaintiff also alleges a separate claim of "retaliation" involving

6

eight separate incidents.

In count six, Plaintiff alleges that his Eighth Amendment rights were violated by DOC and OSP Defendants in connection with the conditions of his confinement at OSP. The allegations span the time period between November 2009 to the time he filed the original Complaint and cover seven pages of the Second Amended Complaint. In count seven, Plaintiff alleges that he has been subjected to due process violations, and these allegations span the time period between November 2009 until the time of the filing of the original Complaint. Plaintiff alleges a multitude of discrete incidents in support of this claim and also cross-reference allegations made in other counts. The allegations cover five pages of the Second Amended Complaint and involve disciplinary proceedings, grievances, alleged conspiracies, the seizure of his prison funds to pay fines and filing fees, and the conditions of his confinement.

III. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). On review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to

give him an opportunity to amend." <u>Perkins v. Kansas Dep't of Corr.</u>, 165 F.3d 803, 806 (10th Cir. 1999).  Although a pro se litigant's pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.   Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327 (1989).

Although Plaintiff's pro se pleadings must be liberally construed, his pro se status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)(<i>per curiam</i>); <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1090 (1995). Plaintiff's Second Amended Complaint is deficient under Fed. R. Civ. P. 8(a).  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Rule 8(d)(1).

In a recent unpublished decision, the Tenth Circuit Court of Appeals concluded that the district court did not abuse its discretion by dismissing a pro se litigant's complaint which contained "lengthy, overly-detailed, and complex narrative and inclusion of his opinions about medical treatment and prison administration [which] made it extremely difficult to

8

discern the facts and law that may support any right to recovery, and to discern exactly what recovery [the litigant] seeks." Martinez v. Decesaro, 427 Fed.Appx. 660, 663, 2011 WL 2516150, * 2 (10th Cir. June 24, 2011)(unpublished order).  The court also reasoned that the complaint failed to describe each named defendant's personal participation in the alleged wrongdoing, but rather vaguely alleged that the defendants were personally involved "if indirectly through staff who reported directly to them." Id.

Plaintiff's voluminous Second Amended Complaint and Brief in Support suffer from the same deficiencies as were noted by the appellate court in Martinez.  Plaintiff has been given two opportunities to correct these deficiencies, and he has failed to do so. For instance, in the Order entered January 5, 2012, directing Plaintiff to file an amended complaint, Plaintiff was cautioned concerning the need to allege the personal participation of each named Defendant.  However, the Second Amended Complaint continues to seek damages based solely on a Defendant's supervisory capacity, i.e., Defendant Jones.  In the Order entered March 15, 2012, directing Plaintiff to file a second amended complaint, Plaintiff was cautioned concerning the requirements of Fed.R.Civ.P. 20(a)(2) with respect to the joinder of defendants. See Gillon v. Fed. Bureau of Prisons, 424 Fed.Appx. 722, 725-726 (10th Cir. May 25, 2011)(unpublished order)(finding prisoner's amended complaint which combined separate and unrelated claims, many of which arose out of different alleged incidents, against multiple defendants was "clearly insufficient for purposes of Rule 20(a))."  The undersigned noted that although Plaintiff was previously advised of the necessity of alleging the personal participation of each Defendant in the alleged constitutional violations for the purpose of

9

individual liability under § 1983, Plaintiff had persisted in (1) referencing without describing the allegations set forth in his original Complaint and (2) using generalized language to support liability, such as his allegations that a particular Defendant failed to train or supervise subordinates, had the authority and power to prevent the alleged occurrence, set in motion a series of events, or knew or reasonably should have known that Plaintiff would be injured by a subordinate's conduct.  Plaintiff was cautioned that such allegations were insufficient to support individual liability under § 1983 as to a supervisory official.   Additionally, with respect to Plaintiff's allegations in the Amended Complaint of constitutional deprivations stemming from his Escape misconduct conviction, Plaintiff was cautioned that damages are not available in a § 1983 action for "allegations of [due process deprivations] that necessarily imply the invalidity of the [disciplinary] punishment imposed" unless the finding of guilt in the disciplinary proceeding has been overturned. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).  As the undersigned advised Plaintiff in that Order, the only commonality concerning all of the myriad of claims set forth in the Amended Complaint was that the claims involved Plaintiff and his dealings with a large number of correctional officials, and this commonality was not sufficient to comply with Rule 20's joinder requirement.

Plaintiff's Second Amended Complaint and Brief in Support, although somewhat smaller in length than his Complaint and Amended Complaint, suffers from the same deficiencies as his earlier pleadings.  He has persisted in seeking damages under § 1983 for alleged constitutional deprivations stemming from disciplinary proceedings and cross-referencing allegations in other counts.  His allegations in the Second Amended Complaint

10

are so repetitive, conclusory, and confusing that it is impossible to comprehend either the claims he desires to assert or on what basis he is alleging that the 26 named Defendants should be held liable. His "rambling narrations of fact coupled with conclusory legal assertions do not assist the court or the defendants." <u>Tuttamore v. Lappin</u>, 429 Fed.Appx. 687, 689, 2011 WL 1468369, * 2 (10th Cir. Apr. 19, 2011)(unpublished order)(citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).  Therefore, his cause of action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.


## <u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b).  Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by _____May 29th_____, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

ENTERED this ___8th___ day of ___May___, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE