IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1495-D |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell on May 8, 2012 [Doc. No. 22]. Plaintiff has timely filed a lengthy objection within the page limitation authorized by the Court. *See* Order of June 8, 2012 [Doc. No. 24]. Plaintiff has also filed numerous motions, seeking to disqualify Judge Purcell and to supplement the Second Amended Complaint and prior motions. The Court must make a *de novo* determination of any portion of the Supplemental Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, who appears *pro se*, is an inmate of the Oklahoma Department of Corrections (DOC) challenging the conditions of his confinement under maximum security at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, and his placement in that institution. He is serving a life sentence without the possibility of parole for a drug trafficking crime committed after previous felony convictions. Plaintiff has been a frequent litigant in this and other federal courts, and is currently subject to the filing restrictions imposed by 28 U.S.C. § 1915(g). The Court recites this fact even though Plaintiff has paid the filing fee and is not proceeding *in forma pauperis* in this

case, because some of Plaintiff's prior cases are relevant here. Plaintiff relies in part on prior recommendations and rulings in those cases as a basis for his objection to Judge Purcell's Supplemental Report, as discussed below.

The initial pleading in this case was a duplicate of Plaintiff's complaint in Case No. CIV-11-306-D, with additional pages inserted to add claims and defendants based on intervening events.[1] *Compare* Compl. [Doc. No. 1] *with Dopp v. Jones*, Case No. CIV-11-306-D, Compl. (W.D. Okla. March 17, 2011).[2] A year earlier, Plaintiff had filed an almost identical complaint in Case No. CIV-10-1198-D, but he voluntarily dismissed the action after Judge Purcell recommended a denial of *in forma pauperis* status due to Plaintiff's accumulation of three "strikes" under § 1915(g). When refiling as No. CIV-11-306-D, Plaintiff added allegations designed to satisfy the "imminent danger" exception of § 1915(g). However, the Court found these allegations to be insufficient and denied *in forma pauperis* status; the action was dismissed for nonpayment of the filing fee. Within a month after the court of appeals issued the mandate in his appeal of the dismissal, Plaintiff filed this action.

Like these prior cases, Plaintiff includes in this case a multitude of claims and defendants – many unrelated to each other – regarding events that span a time period of three years and concern Plaintiff's many grievances during that time period.[3] The initial Complaint filed on December 21, 2011, contained 42 enumerated claims against 21 defendants and spanned 83 pages, including the

---

[1] Many of the additional allegations were actually made in Case No. CIV-11-306-D as part of Plaintiff's effort to gain *in forma pauperis* status, although they were not included in the original complaint.

[2] In addition, Plaintiff submitted with both complaints the same declaration and grievance log, listing his many administrative grievances. In this case, the declaration bears a new date and the log has been updated with additional grievances.

[3] This case was filed in December, 2011, concerning events beginning in November, 2009, but Plaintiff has included later events in his amended pleadings, and has sought leave to supplement his Second Amended Complaint to add claims and defendants as new events occur.

attached declaration and grievance log; it was accompanied by a separate motion for injunctive relief, which spanned 90 pages including exhibits, and was incorporated into the Complaint's request for relief. Plaintiff complained of problems that began when he was taken back into custody after he was mistakenly released from the Lawton Correctional Facility (LCF) in October, 2009.[4] Plaintiff asserted claims regarding his reassignment to OSP and placement in disciplinary or administrative segregation, as well as claims alleging unconstitutional conditions with regard to lighting, showers, exercise, leg restraints, indigent supplies, food, clothing, bedding, shoes, laundry service, mail service, religious materials, religious services, medical care, and dental care. Plaintiff invoked various civil rights statutes, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, and supplemental jurisdiction for state law claims.

Upon initial screening pursuant to 28 U.S.C. § 1915A, Judge Purcell found the Complaint failed to satisfy Rule 8(a) of the Federal Rules of Civil Procedure, and directed Plaintiff to file an amended complaint within 30 days.[5] *See* Order of Jan. 5, 2012 [Doc. No. 7]. After unsuccessful efforts to obtain relief from the January 5 Order, Plaintiff filed his Amended Complaint on February 14, 2012, accompanied by a supporting brief. Contrary to Judge Purcell's instructions, the Amended Complaint did not contain a short and plain statement of Plaintiff's claims but was, instead, even more prolix and confusing than his initial pleading, purporting to incorporate by reference "his entire Complaint Doc#1 and its accompanying Motion for Preliminary Injunction,

---

[4] Plaintiff had previously filed many complaints concerning his confinement at LCF. *See Dopp v. Ward*, Case No. CIV-02-1559-T, Compl. (W.D. Okla. Nov. 5, 2002); *Dopp v. Jones*, Case No. CIV-06-842-D, Compl. (W.D. Okla. Aug. 10, 2006); *Dopp v. Miller*, Case No. CIV-09-101-D, Compl. (W.D. Okla. Jan. 23, 2009); *Dopp v. Miller*, Case No. CIV-10-663-D, Compl. (W.D. Okla. June 25, 2010).

[5] Judge Purcell described the Complaint as a 75-page document because he did not count the attached grievance log.

etc." *See* Am. Compl. [Doc. No. 14] at 6. The Amended Complaint asserted additional claims (a total of 50 as numbered by Plaintiff) and added more defendants, including two employees of LCF. Considered alone, the Amended Complaint and attached declaration spanned 83 pages; it was also accompanied by a supporting brief with exhibits [Doc. No. 15].

By Order of March 15, 2012, Judge Purcell properly struck the Amended Complaint and directed Plaintiff to file a second amended complaint. In addition to reminding Plaintiff of the requirements of Rule 8(a), Judge Purcell advised Plaintiff regarding the limits of proper joinder under Fed. R. Civ. P. 20(a)(2) and remedies available in a civil rights action, which may not challenge the validity of a disciplinary conviction. Plaintiff's request for reconsideration was denied, but he was granted additional time to prepare an amended pleading.

On May 3, 2012, Plaintiff filed his Second Amended Complaint. In some respects, the Second Amended Complaint represents a significant improvement over Plaintiff's prior efforts to state his claims. Plaintiff has reduced his allegations to 57 pages (including an attached declaration), and grouped his claims into seven enumerated counts. However, each count represents a broad category of constitutional or statutory rights, and each is brought against numerous defendants who allegedly violated the described right in some way. In this pleading, Plaintiff has added even more defendants, and he has again filed a supporting brief with exhibits [Doc. No. 20]. Plaintiff also filed an Amended Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. No. 21], which totals 77 pages including exhibits. The Amended Motion primarily concerns Plaintiff's assignment to OSP and confinement in disciplinary or administrative segregation and three disciplinary convictions, but it also seeks changes in certain OSP policies as well as other relief.

Examining only the Second Amended Complaint, Count I appears to claim violations of Plaintiff's First Amendment rights of access to religious books or materials, religious services, a law library, legal materials or resources, incoming and outgoing mail (legal, personal, and religious), indigent postage and mail supplies, indigent copying services, and prison policies and orders, as well as rights to submit grievances and grievance appeals and to petition the government, a right of access to the courts, and retaliation for asserting various rights, including filing lawsuits. Count I seems to be directed at twelve defendants, ranging from DOC Director Justin Jones and DOC administrators, to Randall Workman (former OSP warden) and OSP administrators, as well as mail room employees and individuals involved in some way with processing or reviewing Plaintiff's administrative grievances. The allegations offered to support Count I span twelve single-spaced pages, not counting references to the accompanying declaration.

Count II similarly concerns multiple alleged RLUIPA violations; it incorporates allegations made in support of Count I and adds another three pages of allegations, not counting references to the declaration. It appears to involve roughly the same defendants and many of the same claims, except they are asserted under RLUIPA.

Count III concerns alleged violations of 42 U.S.C. § 1985 and § 1986 due to a conspiracy among DOC and OSP administrators. The nature and purposes of the alleged conspiracy or conspiracies are unclear. This count mentions Plaintiff's religious rights and incorporates allegations from Count II, but appears mainly to complain about Plaintiff's placement at OSP rather than a medium security facility after his 2009 return to custody.

Count IV concerns alleged violations of the Fourth Amendment related to Plaintiff's return to custody, that is, his arrest and seizure from his mother's house and alleged use of excessive force

while transporting him back to prison. This count names only three defendants and appears to concern discrete events, but these events occurred in November, 2009, more than two years before this case was filed. This raises a question whether any § 1983 claims based on them are time barred.

Count V concerns alleged violations of Fifth and Fourteenth Amendment rights related to compelled self-incrimination, denial of due process and equal protection, retaliation, and "breach of contractual agreement/fraud/undue influence." *See* Sec. Am. Compl. [Doc. No. 19] at 29. These claims are based on allegations regarding an internal investigation of Plaintiff's release from LCF and a disciplinary charge of escape, and allege a conspiracy to punish Plaintiff and cause him to incriminate himself based on false promises that he would be released from disciplinary confinement and restored to a medium security classification. Included under this count, however, are a confusing array of allegations regarding denial of participation in a food purchase program and a supplemental food program, denial of special shoes needed for a foot condition, denial of indigent mail service for grievance appeals, preventing receipt of religious books from outside vendors, denial of telephone privileges, and assigning Plaintiff to a maximum security prison. Also included under this count are a list of retaliation claims that incorporate other counts and allege in a conclusory manner that actions taken by a wide variety of defendants were done to retaliate for Plaintiff's exercise of various rights. For example, certain defendants employed at DOC, OSP, and LCF allegedly retaliated against Plaintiff for filing grievances or lawsuits, through imposing various punishments or initiating misconduct charges. Count V spans approximately seven single-spaced pages, not counting references to other counts and Plaintiff's declaration, and appears to involve approximately 17 defendants.

Count VI concerns alleged violations of the Eighth Amendment due to the severe conditions under which Plaintiff is confined at OSP, both generally and while confined in disciplinary or administrative segregation. The wide array of complaints is described generally above, and includes everything from showers, food, bedding, laundry service, exercise, leg restraints, and indigent hygiene supplies, to medical and dental care. It spans seven single-spaced pages, not counting numerous references to Plaintiff's declaration, and appears to involve approximately 15 defendants.

Count VII concerns alleged violations of the Due Process Clause of the Fourteenth Amendment. It incorporates "every previous hereinabove claim and sub-claim," *see* Second Am. Compl. [Doc. No. 19] at 40; and adds four more single-spaced pages of allegations, plus references to parts of Count I and Plaintiff's declaration. This count lists numerous instances in which adverse actions were taken against Plaintiff, allegedly either without notice and a hearing or without adequate hearing procedures (such as presentation of witnesses and evidence, sufficient findings, and an unbiased hearing officer). The actions about which Plaintiff complains include everything from seizing Plaintiff's "orthopedic tennis shoes" when he arrived back at the Lexington Assessment and Reception Center, to seizing funds from Plaintiff's inmate account in order to satisfy various unpaid fees and fines. *See id*. at 40-41. Plaintiff also alleges under this count that various Oklahoma statutes are unconstitutional; named defendants on this count include a DOC attorney and Attorney General "Scott Pruitt and/or Drew Edmondson." *Id*. at 41. This count also encompasses Plaintiff's placement at OSP in disciplinary confinement and his disciplinary conviction of escape, as well as other disciplinary convictions Plaintiff has received at OSP.

For relief, Plaintiff prays for injunctive relief as set forth in his separate motion, compensatory and punitive damages against each defendant except the attorneys, a "cease and

desist" order against legal proceedings to collect fees and fines, and a declaration that certain state statutes are unconstitutional.

As this summary of the Second Amended Complaint makes clear, Judge Purcell correctly concludes that Plaintiff's pleading does not contain a short and plain statement of the claims showing he is entitled to relief and – with regard to constitutional claims – showing each defendant's personal participation in the violation of a specific right. It includes a combination of prolix and confusing allegations coupled with conclusory legal assertions, covering such a broad array of issues and claims that a defendant attempting to answer it would have no idea where to start. It fails to satisfy the purposes of Rule 8 to give the adverse party fair notice of the claim asserted, and it places an unjustified burden on the court or litigant who must review it and respond. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also Carbajal v. City of Denver*, 2012 WL 4354677, *1 (10th Cir. Sept. 25, 2012); *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008); *Windsor v. Colorado Dep't of Corrections*, 9 F. App'x 967, 969 (10th Cir. 2001). "It [is] not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Id*. The fact that Plaintiff may be able to ferret out and articulate some type of claim against one or more individuals, as he attempts to do in his present Objection, does not cure the pleading deficiency.

This conclusion is not inconsistent with the Court's prior rulings in Plaintiff's earlier cases in which he made most of the same allegations. Each of these cases was dismissed, either voluntarily or by the Court, at a preliminary stage prior to the payment of the required filing fee. The sufficiency of Plaintiff's pleading in these cases was not considered or determined. Thus, prior

silence by the Court and the assigned magistrate judges regarding Plaintiff's similarly prolix pleadings is irrelevant to the current issues.

The Court disagrees, however, with Judge Purcell's conclusion that Plaintiff's deficient pleading "should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted." *See* Suppl. Rep. & Recom. [Doc. No. 22] at 11. A dismissal for failure to comply with Rule 8 is properly treated as a dismissal under Rule 41(b). *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). A Rule 41(b) dismissal may be either with or without prejudice; the latter may be ordered by a district court "without attention to any particular procedures." *Id*. at 1162. A dismissal with prejudice, however, may be made only after considering certain criteria, commonly known in this circuit as the "*Ehrenhaus* factors." *See id*. (referring to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

> Specifically, "[t]hese criteria include (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Id*. (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (internal quotation omitted)); *see Cosby v. Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003) (application of *Ehrenhaus* factors justified dismissal with prejudice for failure to pay filing fee); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (referring to *Ehrenhaus* factors as a "non-exhaustive list").

In his Objection, Plaintiff urges the Court to consider a lesser sanction than dismissal, such as ordering only a partial dismissal or permitting another amendment of his pleading. Requiring the

Court to search the Second Amended Complaint to find an adequately stated claim to proceed would defeat the purpose of Rule 8. Further, the Court has no confidence in Plaintiff's belief that "he can now improve upon his claims" and satisfy Rule 8 "if given one more opportunity." *See* Pl.'s Objection [Doc. No. 25] at 30. However, even if the Court orders a dismissal without prejudice, as recommended by Judge Purcell, the *Ehrenhaus* factors must be considered if the dismissal is effectively one with prejudice because a statute of limitations would prevent refiling. *See Govolay v. New Mexico Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992); *see also AdvantEdge Business Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Although Plaintiff does not address the effect of any time bar, the Court addresses the *Ehrenhaus* factors in an abundance of caution, and finds all lead to the conclusion that a dismissal is appropriate under the circumstances. The court of appeals expressly found in *Nasious* the first two factors are met in cases where the plaintiff's pleadings fail to satisfy Rule 8. As to prejudice to opposing parties: "This court has long recognized that defendants are prejudiced by having to respond to pleadings as wordy and unwieldy as [the plaintiff's] pleading remains." *Nasious*, 492 F.3d at 1163. As to the judicial process: "[D]istrict judges assigned the task of measuring legal pleadings against certain criteria . . . have their task made immeasurably more difficult by pleadings as rambling, and sometimes incomprehensible, as [the plaintiff's]." *Id*. Regarding notice to Plaintiff, the Court finds that he was twice warned by Judge Purcell of the requirements of Rule 8. On each occasion, but particularly in his Order of March 15, 2012, Judge Purcell identified the deficiencies in Plaintiff's prior pleadings and explained what was required. Plaintiff's culpability in failing to comply is equally clear. Despite Judge Purcell's advice and assistance, Plaintiff persists in including in his pleadings a wide array of claims (many unrelated), in making repetitive and

conclusory allegations, and in suing supervisory officials with no apparent personal involvement in his case. Defendant clearly knows how to formulate a sufficient pleading because he has done so successfully in prior cases. *See*, *e.g.*, *Dopp v. Jones*, Case No. CIV-06-842-D, Stipulation (W.D. Okla. Nov. 13, 2009) (agreed resolution of § 1983 claims against LCF officials through settlement).

Regarding lesser sanctions, the Court finds a partial dismissal or opportunity for amendment is not warranted, for reasons already stated. Further, the Court finds that a dismissal of the Second Amended Complaint will not result in the loss of meritorious claims due to a technical violation. *See Nasious*, 492 F.3d at 1163. The Court reaches this conclusion because any potentially time-barred claims are those based on events in 2009 that were the subject of prior lawsuits.[6] Claims regarding these events – Plaintiff's return to prison – do not present substantial civil rights claims.[7] As to other claims, namely violations of Plaintiff's rights under the First, Eighth and Fourteenth Amendments due to conditions at OSP and conduct of OSP officials, Plaintiff alleges these violations have been ongoing; he will retain any viable claims that may be stated in a civil rights or RLUIPA action.

**Conclusion**

Upon *de novo* review of the issues, the Court fully concurs in Judge Purcell's finding that Plaintiff's Second Amended Complaint fails to satisfy the pleading requirements of Rule 8(a). The

---

[6] Oklahoma's savings statute, Okla. Stat. tit. 12, § 100 permits a case to be refiled within one year of a dismissal although the statute of limitations has expired. However, the savings statute allows only one refiling. *See Ashby v. Harris*, 918 P.2d 744, 747 (Okla. 1996).

[7] In Count IV of his pleading, for example, Plaintiff asserts Fourth Amendment claims regarding his capture. The standard for issuance of an arrest warrant to return a prison escapee is not "probable cause," as alleged by Plaintiff. *See United States v. Lucas*, 499 F.3d 769, 778-79 (8th Cir. 2007). Nor may Plaintiff assert his mother's right of privacy. The asserted claim of excessive force is based solely on Plaintiff's arms being handcuffed behind his back during transport. *See* Second Am. Compl. [Doc. No. 19] at 26.

Court declines to order a dismissal for failure to state a claim upon which relief can be granted, but instead finds that dismissal is appropriate under Rule 41(b). The Court further finds that all pending motions should be denied.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 22] is ADOPTED to the extent set forth herein. The Second Amended Complaint [Doc. No. 19] is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b), for failure to file a pleading that satisfies Fed. R. Civ. P. 8(a). Judgment shall be entered accordingly. All pending motions [Doc. Nos. 21, 26, 27, 28 and 29] are DENIED.

IT IS SO ORDERED this 20th day of March, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE