IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. CIV-11-1495-D
                              )
JUSTIN JONES, *et al.*,       )
                              )
            Defendants.       )

# **O R D E R**

Before the Court is Plaintiff's Motion to Alter or Amend/Reconsideration [Doc. No. 32], filed April 10, 2013, pursuant to "Rule 59 and/or Rule 60" to obtain relief from the Order issued March 20, 2013, and the Judgment entered the same day. In addition, on June 19, 2013, Plaintiff purported to amend his prior Motion by filing "Plaintiff's Amended Rule 59 Motion or Rule 60" [Doc. No. 33], together with a "Third Amended Complaint" [Doc. No. 34]. These latter filings were made without obtaining leave of court, as required by LCvR7.1(k) and Rule 15(a)(2), and will be disregarded. Because Plaintiff appears *pro se*, his papers must be liberally construed.[1] So construed, the Court considers Plaintiff's initial filing as a timely motion under Fed. R. Civ. P. 59(e). *See Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005); *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997).[2]

---

[1] Although Plaintiff's pleadings are held to a less stringent standard than ones drafted by lawyers, this Court may properly insist that he "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[2] In addition to being unauthorized, Plaintiff's attempt to amend his motion was untimely under Rule 59(e).

The grounds for granting relief from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324. A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).[3]

In his Motion, Plaintiff presents no proper basis for relief from the dismissal of this action under Fed. R. Civ. P. 41(b). Plaintiff simply asks the Court to revisit issues already addressed, and advances new arguments that could have been raised in prior briefing. Among other arguments presented in his Motion, Plaintiff requests another opportunity to amend his complaint, and offers to "cut out all the unnecessary B/S from the complaint and go straight to the claims" on which he truly seeks relief. *See* Motion at 3. The action was dismissed only after Plaintiff repeatedly failed to file a sufficient pleading. He received ample opportunity to formulate a sufficient complaint during the pendency of this action. Further, because the dismissal was without prejudice to refiling, Plaintiff may obtain the relief requested in his Motion by filing a new action. Therefore, the Court finds insufficient reason to reconsider its prior ruling.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend/ Reconsideration [Doc. No. 32] is DENIED.

---

[3] The Court recognizes its broad authority to alter or amend a judgment under Rule 59(e), which "invests the district court with the power to amend the judgment for any reason." *See Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1313 (10th Cir. 2000); *see also Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996). For reasons that follow, however, the Court finds insufficient reason to exercise its equitable power in this case.

IT IS FURTHER ORDERED that Plaintiff's Amended Rule 59 Motion or Rule 60" [Doc. No. 33] and "Third Amended Complaint" [Doc. No. 34] are STRICKEN from the case record.

IT IS SO ORDERED this 30th day of January, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE