IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,            )
                              )
            Plaintiff,        )
                              )
v.                            )     Case No. CIV-11-1495-D
                              )
JUSTIN JONES, *et al.*,       )
                              )
            Defendants.       )

# **O R D E R**

Before the Court are Plaintiff's Motion to Reconsider Court's Order Filed 1-3-2014 [Doc. No. 37] and Plaintiff's Request to File 3rd Amended Complaint [Doc. No. 38], both filed *pro se* on February 13, 2014. The Motion to Reconsider states it is made is pursuant to Fed. R. Civ. P. 59(e). To the extent Plaintiff seeks relief from the Order of January 30, 2014, denying a prior Rule 59(e) motion, the Motion may be considered under Rule 59. However, to the extent Plaintiff seeks relief from the Order dismissing this action, which was issued on March 20, 2013, the Motion is governed by Rule 60. *See* Fed. R. Civ. P. 59(e) (motion "must be filed no later than 28 days after the entry of the judgment").

Because Plaintiff appears *pro se*, his papers must be liberally construed. So construed, it appears to the Court that Plaintiff is not challenging the original dismissal of his case without prejudice under Rule 41(b) but, instead, is challenging the January 30 Order that denied him relief from the dismissal. Further, Plaintiff's primary complaint is not that the Court denied his Rule 59 motion but that the Court failed to consider his later filings of an amended Rule 59 motion and an amended pleading. *See* Order of Jan. 30, 2014 [Doc. No. 36] at 3 (striking Doc. Nos. 33 and 34). Plaintiff asserts that the Court should have treated his amended Rule 59 motion as a timely Rule 60

motion combined with a Rule 15 motion to amend, and that his pleading should have been considered as merely tendered for consideration in support of the putative motion.

Upon consideration, the Court finds the instant Motion to Reconsider should be treated as a Rule 59 motion for relief from the January 30 Order striking Plaintiff's earlier filings. The grounds for granting relief from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324. A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

In the Motion to Reconsider, Plaintiff does not dispute the Court's findings that he failed to comply with the Local Civil Rules and the Federal Rules of Civil Procedure; he attempts by filing a separate "Request to File 3rd Amended Complaint" to now comply with Rule 15(a)(2). Instead, Plaintiff asserts that his noncompliance with procedural rules should be excused due to his *pro se* status. The Court rejects this assertion. Although a *pro se* litigant's pleadings may be held to a less stringent standard than ones drafted by lawyers, Plaintiff still must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)). The Court is also unpersuaded by Plaintiff's argument that the Court misconstrued his stricken filings and they should have been treated as a Rule 60 motion combined with a motion to amend his pleading.

The stricken motion was a one-page document captioned "Plaintiff's Amended Rule 59 Motion or Rule 60" [Doc. No. 33]. It was filed while his prior motion to alter or amend the judgment "pursuant to Rule 59 and/or Rule 60" remained pending. *See* Pl.'s Motion to Alter or Amend [Doc. No. 32] at 1. As one basis for relief from the dismissal of the action, Plaintiff had argued in his first Rule 59 motion that he should be permitted one more opportunity to file an amended pleading that "cut out all the unnecessary B/S from the complaint," and Plaintiff described the pleading he proposed to file. *See id*. at 3 (emphasis in original) (offering to "eliminate 4th Amendment claims, conspiracy claims, equal rights protection claims, etc." and "go straight to the claims as to misconducts [sic] and minimal additional claims only to establish *Sandin v. Connor*, *supra*, elements"). Two months later, after Plaintiff had been transferred to a different prison, he filed a second motion stating he "thought it worthwhile to prove to the Court what he said he would do if given [an] opportunity to proceed with a Third Amended Complaint." *See* Pl's Amended Rule 59 Motion or Rule 60 [Doc. No. 33]. It appears clear to the Court that Plaintiff was attempting to perform the acts promised in his original "Rule 59 and/or Rule 60" motion, that is, he was amending the motion with additional submissions.

Further, considering the stricken motion as a new Rule 60 motion would not have altered the Court's ruling. Plaintiff did not identify in that motion any grounds for relief from the judgment enumerated in Rule 60(b). The only provision possibly applicable to Plaintiff's argument is the catch-all provision of Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(6) ("any other reason that justifies relief"). This provision affords district courts "a grand reservoir of equitable power to do justice in a particular case, " but "[t]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made." *See Cashner v. Freedom Stores,*

3

*Inc.*, 98 F.3d 572, 579, 580 (10th Cir. 1996) (internal quotations omitted). In the January 30 Order denying relief from the dismissal, the Court expressly "recognize[d] its broad authority to alter or amend a judgment under Rule 59(e), which 'invests the district court with the power to amend the judgment for any reason.'" *See* Order of Jan. 30, 2014 [Doc. No. 36] at 2, n.1 (quoting *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1313 (10th Cir. 2000)). However, the Court found "insufficient reason to exercise its equitable power in this case." *Id*. The Court adheres to that ruling.

As Plaintiff's second challenge to the January 30 Order, he asserts that striking his improper filings is a "harsh sanction, and arguably, an abuse of discretion" and that he should have been permitted to proceed in this action because he has meritorious claims and he prepaid the full filing fee. *See* Pl.'s Motion to Reconsider [Doc. No. 37] at 1, 3-4. The Court expressly addressed in the January 30 Order Plaintiff's request for another opportunity to amend his complaint. The request was rejected because Plaintiff "received ample opportunity to formulate a sufficient complaint during the pendency of this action" and because "Plaintiff may obtain the relief requested in his Motion by filing a new action." *See* Order of Jan. 30, 2014 [Doc. No. 36] at 2. Plaintiff does not dispute the Court's reasons but instead argues that the dismissal will be prejudicial because he lacks the financial resources to pay another filing fee. Inherent in this argument is Plaintiff's concession that past litigation abuses have rendered him subject to the filing restrictions of 28 U.S.C. § 1915(g). Any prejudice arising from the application of § 1915(g) is not the Court's doing but a consequence of Plaintiff's prior actions and his deliberate decision in this case to repeatedly disregard directions to file a proper complaint.

4

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider Court's Order Filed 1-3-2014 [Doc. No. 37] and Plaintiff's Request to File 3rd Amended Complaint [Doc. No. 38] are DENIED.

IT IS SO ORDERED this 9th day of April, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE